Marske v. Willard.

----

### Charles Marske v. Luther C. Willard.

68   83
169s 276

1. PLEADING—*Waiver of Demurrer.*—A defendant waives his demurrer by pleading to the merits of the declaration.

2. DESCRIPTION—*In Real Estate Contracts—Admissibility of Extrinsic Evidence.*—A deed or other written contract in relation to real estate is not void for uncertainty in the description, if from the words employed, the description can be made certain by extrinsic evidence of facts; and proof that the vendor put the purchaser in possession of the premises intended to be conveyed, is sufficient.

3. CONTRACTS—*Construction of.*—A contract relating to real estate provided that if A should desire to sell the property, he should give to B the first opportunity to purchase the same, provided he would pay as much as any other person. In a suit by B for a breach of the contract, *it was held*, that in case A desired to sell the property and was willing to accept an offer, then B had an option to purchase at the price offered, regardless of what A might have received had he made the effort, and that the person offering to purchase must offer cash or its equivalent.

4. BILL OF EXCEPTIONS—*Presumptions Arising from Defects in.*—In the absence of a bill of exceptions showing that it contains all the evidence, the presumption is that the verdict is sustained by the proof, and the fact that a bill of exceptions contains all the evidence must be shown by the certificate of the judge, a statement by the reporter not being sufficient.

5. OPTIONS—*Mutuality of, Not Necessary.*—When an option to purchase the property involved is granted to one of the parties to a lease or other contract, for which the option forms one of the considerations, the want of mutuality of such option will not avoid the contract.

**Action,** for breach of real estate contract. Appeal from the Circuit Court of Boone County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ROBERT W. WRIGHT, attorney for appellant.

CHARLES E. FULLER and WILLIAM C. DEWOLF, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This suit was in covenant commenced by appellee to recover on the covenants in a lease given by appellant to him in which there were certain provisions for a sale of the leased premises to appellee claimed in the declaration to have been violated. By agreement the declaration was changed from an action of covenant to assumpsit.

The appellant first demurred to the declaration, which being overruled, he pleaded two pleas: the general issue, and the statute of frauds, claiming the contract was not in writing. The appellee joined issue on the pleas and the cause went to trial before a jury, resulting in a verdict against appellant for $1,000, upon which judgment was duly rendered. From this judgment this appeal is taken.

The argument of counsel for appellant, in his first point raised, to the effect that the court erred in overruling the demurrer to the declaration, can not be considered by this court, for the reason that the demurrer was waived by appellant, by his pleading over to the declaration.

According to the well known rules of pleading a defendant waives his demurrer by pleading to the merits of the declaration.

In appellant's second point it is insisted that the description of the lot in question in the lease was not sufficient to describe the property, and that parol evidence to clear up

any latent ambiguity was inadmissible. It is insisted the ambiguity was patent and not latent, and hence parol evidence was not admissible to aid the description in the lease to identify the lot.

The description of the leased premises contained in the lease is as follows :

" Lot number —— in Assessor's Subdivision of Whitney's Block No. 8, in town (now city) of Belvidere, in Boone county, Illinois."   *   *   *

And the covenants in the lease upon which the suit was based is as follows :

" And it is further agreed, that this lease may be continued from year to year under the same terms, at the option of the said party of the second part, for a period not to exceed five years.

And should said party of the second part desire to surrender possession after the first year, he may do so by giving to said Marske at least sixty days previous notice of his intention so to do; and, should said Marske desire to sell said premises, he may do so by giving to said Willard sixty days previous notice, and by first giving to said Willard the first opportunity to purchase said premises, provided he will pay as much as any other person."

The appellant put appellee into possession of the lot intended to be leased, and the latter held such possession until after the sale in question. It will be seen that the block and subdivision in which the lot was situated was fully described, though it was left uncertain what particular lot was meant; but the intention of the parties was freely manifested by their conduct in delivering and taking possession of the lot intended. It is laid down in Hays v. O'Brien, 149 Ill. 403, that " a deed or other written contract is not void for uncertainty in the description of the land sold and conveyed, if from the words employed the description can be made certain by extrinsic evidence of facts, physical conditions, measurements, or monuments referred to in the deed."   *   *   *
" And thus a defective description of land may be aided by the conduct of the parties, such as, that the vendor put the

purchaser in the possession of the premises intended to be conveyed."

That was done in this case, and the identification of the land was rendered thereby complete.

The question raised in this case, that there was no mutuality between appellee and appellant as respects the optional feature of the contract, and no consideration for such option, is also settled against appellant in the above case of Hays v. O'Brien. The mutual covenants in the lease were a sufficient consideration for the option to purchase for the price which any other person would give in case appellant desired to sell the premises.

The leasing commenced on April 1, 1894, and appellant sold and conveyed the premises to Thomas Cornish, his son-in-law, November 30, 1894, for the sum of $5,000.

Cornish sold a one-half interest in the lot immediately for $2,500 to John Keppler, and afterward appellee purchased the lot of Cornish and Keppler for $6,000.

This suit was brought to recover the difference between the price for which appellant sold the lot and what it was actually worth, and recovery as stated for $1,000. The appellant admits that "the testimony of all the witnesses showed that at the time of the sale to Cornish the property was fairly worth $6,000."

The evidence clearly shows that appellant desired to sell the lot, because he did sell it, and it further shows that $5,000 was as much as appellant had been offered and was what he was willing to take for the lot.

The appellant failed to give appellee the opportunity to purchase the lot as provided in the lease, except at the price of $6,000, which was more than any other person would pay, so far as the evidence shows. No one had offered to pay more, and appellant was willing to receive $5,000 for the lot. The spirit of the contract was that, in case appellant desired to sell the property and was willing to accept an offer, then appellee had the option to purchase at that price regardless of what appellant might have received from some other person if he had made the effort. In other words, a preference under the contract was to be given appellee to

purchase at appellant's price, provided, the latter could not demand more than he could obtain from another.

When appellant would knock off the lot to the highest bidder the preference should go to appellee at the price offered. Appellant offered to show by Cornish that in addition to the $5,000, he was to take $1,000 out of his wife's share of the property, which the court refused.

In this there was no error. The spirit of the covenant in the lease was, that the person offering to purchase must offer cash or its equivalent, the same as appellee would be compelled to pay if he took the lot on the basis of the highest bid to appellant.

The exclusion of evidence as to what witnesses would have given for the lot if they had had an opportunity was not admissible, as will be seen from what we have said in regard to the legal effect of the contract.

What any person would pay can be, under the contract, tested alone by his offer and appellant's willingness to accept it.

The bill of acceptions in this case fails to contain a certificate of the judge trying the case that it contained all the evidence. It has in it a certificate of the reporter that it does. This is not adopted by the judge's certificate and is not sufficient. Cogshall v. Beesley, Guardian, 76 Ill. 445.

In the absence of a bill of exceptions showing that it contained all the evidence, the presumption is that the verdict is sustained by the proof.

Seeing no error in the record the judgment is affirmed.