## In the Matter of the Estate of Lewis B. Casner, Insolvent, Louis A. Mills, Assignee, v. Orlando C. Stafford.

1.  PAROL EVIDENCE—*To Contradict Written Agreements.*—The rule excluding parol evidence in construing written agreements, does not apply where the original contract was verbal and entire, and a part only is reduced to writing.

2.  BILL OF EXCEPTIONS—*Presumptions When it Does Not Contain All the Evidence.*—When the bill of exceptions does not purport to contain all the evidence the court can not enter into the question of the weight of the evidence, nor of the want of sufficient evidence, for the presumption is, in such state of record, that there was before the trial court at the hearing sufficient competent evidence to warrant the court in every ruling and finding that is dependent on evidence for its support.

Voluntary Assignments.—Appeal from the County Court of Macon County; the Hon. WILLIAM HAMMER, Judge, presiding.   Heard in this court at the May term, 1899.   Affirmed.   Opinion filed December 13, 1899.

MILLS & FITZGERALD, attorneys for appellant.

OUTTEN & ROBY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a petition in the County Court of Macon County, by appellee against Louis A. Mills, assignee of Lewis B. Casner, insolvent, praying for an order directing such assignee to pay over to appellee a dividend of twenty-

five per cent which that court had ordered to be paid the creditors of said insolvent, out of assets then in the hands of the assignee.

That appellee was creditor of the insolvent estate to the amount of $1,652.66, and that he had duly presented and proved his claim is admitted, but appellant contends that as assignee of such estate he has the right to set off against any dividends due to appellee certain sums which have been paid out of the estate as dividends on certain indebtedness, for which, appellant claims, appellee was jointly liable with said insolvent. Appellee denies any liability to contribute to the insolvent estate on account of its payments on such indebtedness, and avers that the insolvent, prior to his assignment, for a valuable consideration, assumed and agreed to pay all of such indebtedness, to relieve appellee therefrom, and to save and keep him harmless in respect thereto. This raises an issue of fact, which is the controlling question in the case.

Upon the trial in the County Court much evidence was introduced *pro* and *con*, and the court found and ordered as follows:

" The court finds that Casner, assignor, prior to his assignment, entered into an agreement with Stafford, by which Casner bound himself, for good and valuable considerations, to pay all of the liability of the Decatur Brick & Tile Company and all the Danville Brick & Tile Company, in which said Casner was in any way liable, either as maker, joint maker, indorser, guarantor, or otherwise, and that all the claims upon which defendant, assignee, asks that set-off shall be allowed, as against the claim of Stafford, are liabilities of the Decatur Brick & Tile Company, or the Danville Brick & Tile Company, and are liabilities which were included in the aforesaid agreement between Casner and Stafford, and that by reason of said agreement, said Stafford is relieved from liability as against the claim of Casner or his estate, and that Stafford is not liable to said estate upon said claims on account of which set-off is asked by defendant.

" It is therefore ordered that said assignee pay a dividend of 25 per cent upon his claims, to the entering of which judgment defendant excepts. Court overruled exceptions and defendant appeals," etc.

All that is urged by appellant as grounds for reversal of the findings and order of the County Court is involved in the issue of fact raised and contested, and depends wholly upon the weight of the evidence for proper solution, except the errors assigned as to the admission of evidence and the refusal of the court to hold the *fourth* and *fifth* propositions of law submitted by appellants.

The question as to the admission of evidence and the refusal of the court to hold the fourth and fifth propositions of law submitted, relate to the same points in the record and may be considered together. There is evidence in the record tending to show that appellee and the insolvent on the 23d day of March, 1896, entered into a comprehensive oral agreement, and that on the 24th day of March, 1896, a memorandum concerning the subject-matter of such agreement was drawn up and signed by the parties, but that the memorandum did not embrace the entire agreement, and was so understood by the parties at the time. Upon the trial, over the objections of appellant, the court allowed certain witnesses produced by appellee to testify to the terms of the oral agreement, to which appellant excepted. They direct the court to the same question in their fourth proposition of law, which is as follows:

" 4. The court holds that all parol agreements between Casner and Stafford in relation to matters in controversy were merged in written agreement of March 24, 1896, introduced in evidence."

The rule excluding parol evidence does not apply when the original contract was verbal and entire, and a part only is reduced to writing. Greenleaf on Evidence, Vol. 1, Sec. 284; Ludeke v. Sutherland, 87 Ill. 481. We can not hold, as matter of law, upon the state of record in this case, that all parol agreements between the parties in relation to the matters in controversy were merged in the writing of March 24, 1896, in evidence, and are therefore of opinion that the court did not err in admitting the evidence complained of, nor in refusing to hold appellant's fourth proposition.

After the assignment appellee filed, in the Circuit Court of Macon County, his bill and amended bill in chancery against the insolvent and the assignee for specific performance of an undertaking, embraced in the contract out of which the controversy in this case springs, to convey to appellee certain real estate, and prosecuted such suit to final decree. Upon the hearing in the County Court, appellant offered in evidence said bill and amended bill, and the decree rendered thereon, and at the instance of appellee the court refused to admit the same in evidence. Appellant excepted and followed it up by presenting to the court their fifth proposition of law, as follows:

"5. The court holds that the suit in chancery, entitled 'Stafford v. Casner et al.,' set forth in defendant's answer, was in relation to agreement between Casner and Stafford, relied upon by petitioner in this cause, and bars the present action."

Appellant contends that the bill and amended bill are proper evidence as tending to show what appellee, upon prior occasion, regarded as the contract, and that by the decree, the whole subject-matter of the contract is *res judicata*. While theoretically the bill and amended bill are proper evidence, yet a careful inspection of them, as a whole, in the light of the issues and the scope and purpose of that proceeding, discloses to our minds that they are of no evidentiary value in support of appellant's side of the contested issue in this case, and therefore the refusal of the court to admit them in evidence is not material error, and in our opinion the whole subject-matter is not *res judicata*. It is admitted by appellant that the issues upon which this case must turn were not, in fact, litigated or determined in the chancery case, and we are unable to see any reason, under the issues in that case, why the issues in this case should have there been litigated or determined.

The bill of exceptions in this case does not purport to contain all the evidence, and therefore we can not enter into the question of the weight of the evidence, nor of the want of sufficient evidence, for the presumption is, in such

state of record, that there was before the trial court, at the hearing, sufficient competent evidence to warrant the court in every ruling and finding that is dependent on evidence for its support.

We find no substantial error in this record of which appellant can justly complain, and as the case will be affirmed, we do not deem it our duty to discuss appellee's cross-errors.

The findings, order and judgment of the County Court are affirmed.