## Thomas W. McCarthy, Appellee, v. David Fadin, Appellant,

### Gen. No. 29,555.

HIGHWAYS AND STREETS—*failure of automobilist to yield right of way as contributory negligence.* Where plaintiff in approaching a street intersection in his automobile saw defendant's automobile approaching from his right but failed to observe the statutory rule requiring him to give the right of way under such circumstances, as provided for by Cahill's St. ch. 95a, ¶ 34, he was guilty of contributory negligence preventing recovery of damages though defendant may have been exceeding the speed limit at the time.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN BEDINGER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed. Opinion filed March 9, 1925.

MONTGOMERY, HART & SMITH, for appellant; JOSEPH H. BRAUN, of counsel.

H. E. WYNEKOOP, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

While driving their respective automobiles plaintiff and defendant collided at a street intersection in Chicago, injuring a minor daughter of plaintiff and damaging his automobile. He brought suit for moneys paid for medical and hospital services for his daughter and for repairs to his automobile, and upon trial by the court had judgment for $243.25 from which defendant appeals.

The accident was at the intersection of Balmoral, an east and west street, and Glenwood avenue, which runs north and south. Plaintiff was driving west on Balmoral in the evening of January 30, 1922, accompanied by his wife and infant daughter. Defend-

ant, driving his car, was coming from the north on Glenwood. Both cars proceeded, with the resulting collision northwest of the center of the intersection, defendant's car striking the front wheel of plaintiff's car, knocking it over against the southwest lamp-post.

According to plaintiff's story, as he approached Glenwood avenue he came nearly to a stop, and then saw defendant's automobile coming southward about 125 feet north of Balmoral. Plaintiff started to cross Glenwood, going between five and eight miles an hour, and although he knew that defendant's car was approaching from the right he did nothing to avoid it, but continued on his way across the intersection. Plaintiff says he did not observe anything about the speed of defendant's car until it was five or six feet away, and in his opinion it was then going about thirty or thirty-five miles an hour. Defendant testified that while approaching Balmoral he was running between fifteen and twenty miles an hour.

The record shows conclusively that plaintiff proceeded to cross Glenwood without observing the rule as to the right of way. By the Motor Vehicle Act it is provided that:

"All vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left." Chapter 95a, ¶ 34, Cahill's St.

In *Partridge v. Eberstein*, 225 Ill. App. 209, we said:

"A vehicle is approaching an intersection from the right, within the meaning of the statute, and entitled to the right of way when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care, would or should see that unless he yielded the right of way the vehicles might or would collide."

When plaintiff approached the intersection it was his duty under this rule to look toward his right to ascertain if any other automobile was approaching

the intersection to which he should yield the right of way. Plaintiff says he did look to the north and saw defendant's car when it was 125 feet away, but without observing the speed at which it was approaching the intersection he proceeded on his way. The law cast upon him an affirmative duty to keep out of the defendant's way. That means he should have observed the speed of the other car, and, if necessary, he should have slowed down or stopped or, reversed, in order that the other car might cross. In *Brillinger v. Ozias*, 186 N. Y. App. Div. 221, the court said of similar circumstances:

"Such a rule cannot be set aside by a jury where these two elements appear—full view of the vehicle approaching from the right, and entire failure to take any steps to keep out of its path."

And in *Mathes v. Aggeler & Musser Seed Co.*, 179 Cal. 697, 178 Pac. 713, the court said:

"The statute positively gave to the defendant * * * the right of way at the intersection, unless she was so far from the intersection that she would not come within the definition as a person approaching the intersection."

It is obligatory upon the drivers of automobiles to observe this rule of the right of way, and if one ignores and violates this and an accident results thereby, he has been guilty of contributory negligence which bars any recovery from the other party for resulting damages. In the interests of safety upon our streets, this rule cannot be too strongly emphasized and rigorously enforced.

To the argument that this rule applies only where the person approaching from the right is not violating the speed regulations, it is sufficient to say that the record fails to show that defendant was violating the speed regulations. Under section 23 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 24, it is provided that it shall be *prima facie* evidence of unreasonable speed where an automobile is run outside the closely

built and residence portions within an incorporated city at a speed exceeding twenty miles an hour. Defendant says he was running between fifteen and twenty miles an hour. There is no evidence as to the character of the district where the accident happened; but even if defendant was running at an unreasonable rate of speed, this would not relieve plaintiff from observing the rule of the right of way; for if the accident is caused by the wrong of both parties neither can recover damages from the other.

Holding that the plaintiff was guilty of contributory negligence in failing to observe the law with reference to the right of way, the judgment is reversed.

*Reversed.*

MATCHETT and JOHNSTON, JJ., concur.