## National Lock Co., Appellee, v. The Swords Company, Appellant.

### Gen. No. 9,165.

Opinion filed April 14, 1937.

LARGE & RENO, of Rockford, and BELL, BOYD & MARSHALL, of Chicago, for appellant; EARL K. SCHIEK, of Chicago, of counsel.

HALL & DUSHER, of Rockford, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee entered into a written agreement with appellant for the construction of a power plant. The contract provided that appellant was to submit to appellee the original invoices from the manufacturers, for all machinery and apparatus used in the construction of said plant. The appellant, by the terms of the contract, was to be compensated by being paid a sum equal to ten per cent on the net cost of the machinery

and apparatus so purchased. The contract was in the nature of what is commonly called a cost plus contract—the contractor submitting to the other party the original invoices for the actual cost of the machinery and apparatus placed in said plant, and receiving thereon, payment of ten per cent of the net cost of such machinery and apparatus, as its compensation.

The power plant was constructed by appellant. It was discovered by appellee that appellant in violation of the terms of its contract, had not submitted to appellee the original invoices for the machinery and apparatus bought and installed, but that appellant by some manner came into possession of blank invoices of the company from which it was buying such machinery and apparatus, and that during the construction of the power plant, appellant would take blank invoices of such manufacturer, and make copies of the original invoices, but change the net cost price to a larger amount, thus breaching its contract in this regard, to the damage of appellee.

Appellee brought this action for the recovery of the money caused to be paid by it to appellant by appellant's violation of its contract. The fact that a great number of invoices were rewritten and changed, as claimed by appellee, is not in dispute. Appellant, contrary to its written agreement, did not furnish appellee the true original invoices for the machinery and apparatus purchased and used in the construction of the power plant, but did, in fact, make and furnish to appellee spurious invoices, upon the blanks of the manufacturers, which appeared in all respects as genuine original invoices, but which reflected a greater charge for the merchandise purchased.

The cause was heard by the court, who found that the difference between the amount of money actually due from appellee to appellant under the terms of the

contract and the total amount paid by appellee to ap-
pellant, because of its wrongful conduct in the vio-
lation of its contract, was the sum of $13,104.99, which,
together with the interest found due thereon, amounted
to the total sum of $21,686.15, for which amount the
court rendered judgment in favor of appellee and
against appellant.

No evidence was introduced by appellant. New
management has succeeded to that in control of appel-
lant company at the time of the foregoing transactions.
The evidence clearly established the changes made in
the invoices as claimed by appellee and the amounts of
such changes. The only question in controversy in
this appeal is one of limitations, the appellant urging
that the action was a suit for damages for fraud and
deceit and became barred in five years. Appellee in-
sists the action was founded upon the written contract
between the parties, and for damages resulting be-
cause of appellant's violation thereof, and that such
action is not barred except by the ten-year statute. It
appears that the case was tried as an action at law
against appellant for the recovery of damages alleged
to have resulted to appellee because of appellant's vio-
lation of its contract. The parties assumed this atti-
tude in the trial of the case, the court tried it upon that
theory and rendered judgment accordingly. "It is
well settled that a person cannot try a case on one
theory in the trial court and on another in a court of
review." *Off v. Exposition Coaster,* 336 Ill. 100, 108.
To the same effect are: *Chicago Title & Trust Co. v.
De Lasaux,* 336 Ill. 522, 529; *Lewy v. Standard Plunger
Elevator Co.,* 296 Ill. 295, 304; *Davis v. Illinois Col-
lieries Co.,* 232 Ill. 284, 291; *Fairbank Co. v. Nicolai,*
167 Ill. 242; *Doughery v. Bliss,* 244 Ill. App. 282, 284;
*Runyan v. Bland,* 264 Ill. App. 265, 271.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*