Marian Secrist, Appellee, v. Anna Raffleson, Administratrix of Estate of Sidney J. Raffleson, Deceased, Appellant.

Gen. No. 10,022.

Heard in this court at the February term, 1945. Opinion filed July 11, 1945. Released for publication July 27, 1945.

ARTHUR L. PUKLIN and EDWARD PUKLIN, both of Elgin, for appellant.

ELLIS, HAMILTON & GEISTER, of Elgin, for appellee; DEGOY B. ELLIS and PAUL M. HAMILTON, both of Elgin, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Marian Secrist brought suit in the circuit court of Kane county against Anna Raffleson, administratrix

of the estate of Sidney J. Raffleson, deceased, claiming damages for personal injuries sustained by her in an automobile accident while she was riding as a guest passenger in a motor vehicle of Sidney J. Raffleson. Sidney J. Raffleson died as a result of injuries he sustained in the same accident.

The complaint consists of four counts, all of which charge the defendant with wilful and wanton misconduct in the operation of his automobile. The first counts allege the ownership of the automobile, the plaintiff's status in the automobile at the time of the accident, the damages and injuries sustained by the plaintiff, and the appointment of the defendant as administratrix of the estate of Sidney J. Raffleson, deceased, and that the plaintiff was in the exercise of due care and caution for her own safety.

The defendant filed her answer and admitted the facts as stated in the first paragraphs of the complaint excepting as to damages sustained by the plaintiff, and denied the due care on the part of the plaintiff and denied that the driver was guilty of wanton and wilful misconduct that caused the plaintiff's injuries.

The case was tried before a jury which found the issues in favor of the plaintiff and assessed her damages at $3,000. At the request of the defendant, a special interrogatory was submitted to the jury, which was answered in the affirmative, that Sidney J. Raffleson was guilty of wilful and wanton misconduct, which was the proximate cause of the plaintiff's injuries.

The evidence discloses that the plaintiff and Sidney J. Raffleson had been friends for a number of years and that they were riding together in an automobile, at the time of the accident; that they had been in Aurora, Illinois, and about two o'clock a. m. they started for the home of the plaintiff, and on the way, the defendant intestate's car ran into the abutment of a bridge at the edge of the paved highway and the plaintiff was injured and the driver received injuries, from which he died.

At the close of the plaintiff's case and at the close of all the evidence, the defendant entered a motion for a directed verdict. These motions were denied. After the verdict of the jury, the defendant entered a motion for judgment notwithstanding the verdict, and also a motion for a new trial. Both of these motions were overruled, and judgment rendered on the verdict. It is from this judgment, an appeal has been perfected.

The errors assigned are that the verdict of the jury is contrary to the weight of the evidence, and that there is not sufficient evidence to sustain the findings of the jury that the deceased, Sidney J. Raffleson, was guilty of wilful and wanton misconduct that was the proximate cause of the plaintiff's injury.

The appellant argues that because the plaintiff did not offer herself as a witness in her own behalf, or make an offer to take the witness stand, this was obviously an attempt to conceal the true facts concerning the accident. Under the Evidence Act the plaintiff was an incompetent witness. We find no merit in the contention that her failure to offer herself as a witness has any bearing on the merits of the case.

There is very little dispute as to the facts in the case. Charles Anderson, a deputy sheriff, testified that he talked to Sidney J. Raffleson at the hospital after the accident, and asked him how the accident occurred; and that Raffleson replied that "the accident was caused by his falling asleep." Cecil Hallmair testified that she visited Sidney Raffleson at the hospital after the accident and she asked Raffleson "how badly he was hurt and how the accident happened." That, he, Raffleson, said "he went to sleep, and that is how they got hurt." Jessie Irving testified that she is the mother of Marian Secrist; that she visited Sidney J. Raffleson at the hospital, and had a conversation with him; that she asked him how the accident happened and he replied, "I went to sleep." Dr. Clark Heathering testified that he was the physician that attended Raffleson from the day of the accident until

his death; that he had many conversations with him, and that he asked Raffleson how the accident happened, to which Raffleson replied, "he fell asleep while driving the car about three or four o'clock in the morning;" that during the four days he had treated the deceased, he, Raffleson, had told him several times that, "he had fallen asleep while he was driving the car."

This evidence is uncontradicted. The cases of *Tennes v. Tennes,* 320 Ill. App. 19; *Marks v. Marks,* 308 Ill. App. 276, and *Barmann v. McConachie,* 289 Ill. App. 196, are cases in which plaintiffs recovered damages for personal injury while riding as guest passengers in an automobile and who were injured, because the driver of the automobile had fallen asleep and thus lost control of the automobile he was driving, and injured the plaintiff. The court held that such conduct constituted wilful and wanton misconduct as defined by our Injuries Act statute.

From a review of the evidence in this case, it is our conclusion that the jury properly found that the deceased, Sidney J. Raffleson, was guilty of wilful and wanton misconduct which was the proximate cause of the plaintiff's injuries.

The court at the plaintiff's request gave to the jury the following instruction: "The Court instructs the jury that the driver of an automobile is bound to keep a particularly continuous lookout while driving, but no such duty is imposed upon the passenger or guest. In the absence of knowledge of passenger, or facts which would give her such knowledge, a passenger or guest may properly rely on the driver to attend to the driving of the automobile. The primary duty of care for the safe operation rests upon the driver. However, a guest is not relieved from the exercise of such care for her own safety as is reasonable under all the circumstances." The Appellate Court of the first district in the case of *Tennes v. Tennes, supra,* held that it was reversible error for the circuit court to refuse to give a similar instruction to

the jury. In the *Tennes* case the instruction was that the driver of the car should keep a practically continuous lookout for danger while driving the car; while the present instruction is that the driver of the car is bound to keep "particularly continuous lookout." No doubt the present instruction is inartfully drawn, but we believe that it states the law, that the driver of the automobile is bound to keep a continuous lookout while driving his car on a paved highway, especially after dark. The instruction does not direct a verdict, and we think on the whole the jurors were properly instructed and could not have been misled by the questioned instruction. In this case the question as to whether he was to keep a lookout for danger was not involved. The thing for the jury to decide was whether or not the defendant's intestate fell asleep while driving his car, and if so, was he guilty of wilful and wanton misconduct, which was the proximate cause of the plaintiff's injury, and they decide he was.

On the whole we think the defendant had a fair trial and the judgment of the trial court should be affirmed.

*Affirmed.*