**HOFF v. DONALDSON.**

No. 10117.

United States Court of Appeals
Seventh Circuit.

Oct. 3, 1950.

Hugh J. Graham, Jr., Mark O. Roberts, Springfield, Ill., for appellant.

Stanford S. Meyer, East St. Louis, Ill., Meyer & Meyer, East St. Louis, Ill., Michael F. Godfrey, East St. Louis, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from a judgment favorable to the plaintiff in an action for damages sustained as a result of a collision between his automobile and one driven by the defendant. The collision occurred at the intersection of two country highways. The action was predicated upon the alleged negligence of the defendant, and was tried to a jury which rendered a verdict in favor of the plaintiff. The District Court denied a motion for a directed verdict made at the conclusion of the plaintiff's testimony, as well as that of the defendant, and denied a motion for judgment notwithstanding the verdict.

The chief grounds urged for reversal are that there was no proof of defendant's negligence, and that the plaintiff was guilty of contributory negligence as a matter of law. Obviously, the case must be decided in accordance with Illinois law, which requires as a prerequisite to the right of recovery that plaintiff affirmatively show that he was in the exercise of due care and caution for his own safety, or, in other words, freedom from contributory negligence. Dee v. City of Peru, 343 Ill. 36, 41, 174 N.E. 901; Illinois Central R. R. v. Oswald, 338 Ill. 270, 274, 170 N.E. 247; Cox v. Kroger Co., 7 Cir., 179 F.2d 382, 385.

In the view which we take of the situation, plaintiff was so manifestly guilty of contributory negligence as to bar recovery, and the case must be reversed for the court's failure to direct a verdict in favor of the defendant. There is, therefore, no occasion to consider any other question. There is little or no dispute in the testimony relevant to this critical issue. The accident or the collision of the two cars occurred in the country at the intersection of a road which runs east and west from Sorento, Illinois, to highway No. 127, with a north and south road which extends north from the unincorporated village of Reno. Both roads are substantially level as they approach the intersection, are constructed of gravel, are about 32 feet in width, and intersect at right angles. There are no stop or other warning signs on either road at or near the intersection. The southwest angle created by the intersection of the two roads, that is, the space south of the east and west road and west of the north and south road, is open and free from any objects which might interfere with the view of a person approaching the intersection either from the west on the east and west road or from the south on the north and south road.

■ We recognize the firmly established rule that on a motion for directed verdict the party against whom it is directed is entitled to have the testimony and all inferences reasonably deductible therefrom evaluated in the light most favorable to that party. We assume what undoubtedly is a fact, that plaintiff's own testimony presents the situation most favorable to him upon the issue as to whether he was in the exercise of due care and caution for his own safety. Plaintiff was traveling east and, therefore, approaching the intersection from the west, while the defendant was traveling north, approaching the intersection from the south. Plaintiff with reference to defendant's car on direct examination testified: "I saw this car 150 or 200 feet back on the road, that is approximately where I was at the time. I continued on the road and when I just got to the intersection, I was completely through it, when all of a sudden I glanced up and this woman was bearing down on me. She hit me a terrible blow in the right rear fender and I just flew through the air."

On cross-examination plaintiff stated:

"Q. This occasion, on November 18, 1948 at 2:15 p.m. as you left Sorento to go east on this gravel road, and as you approached Reno, was the first time in your life you had ever been on that road? A. Yes, Sir.

"Q. Did you mean to say on direct examination that when you were 150 to 200 feet away and first saw the car of Mrs. Donaldson, that it was approximately the same distance from the intersection that you were? A. Yes, Sir.

*  *  *  *  *  *

"Q. As you approached that intersection you saw the Donaldson car and you assumed that you would be able to make the intersection first? A. Yes, Sir.

"Q. And that would be based on the assumption that you were going faster than she was? A. Well, I guess you would say yes.

"Q. After noticing that condition you continued on and the next time you looked you were 2/3rds through the intersection? A. Yes, Sir.

"Q. And you glanced over your shoulder and there was a blow of some kind and from then on the whole thing is pretty hazy? A. I was conscious but not fully.

"Q. You did not sound your horn or attempt to use your brakes? A. No, Sir.

"Q. You assumed that you would make the intersection? A. Yes, Sir."

While plaintiff testified that it was possible that he was traveling at a rate of speed as great as 50 miles per hour, he gave it as his judgment that his speed was between 35 and 45 miles per hour. He also stated as his judgment that defendant's car when he saw it was approaching the intersection at the rate of 35 to 45 miles per hour. Thus we have a situation where the plaintiff while approaching the intersection from the west observed defendant approaching the same intersection from the south (plaintiff's right) at substantially the same rate of speed and at a point when both cars were substantially the same dis-

tance from the intersection, that is, 150 to 200 feet. From that point on plaintiff maintained the speed at which he was traveling, sounded no warning and made no effort to observe or follow the course of defendant's car as it approached the intersection. It was only after he was almost through the intersection and at the very instant of the collision that he looked over his shoulder and observed defendant's car.

The Illinois statute, Chap. 95½, Sec. 165, Ill.Rev.Stats.1949, provides: *"Vehicles approaching or entering intersection.* Except as hereinafter provided motor vehicles traveling upon public highways shall give the right-of-way to vehicles approaching along intersecting highways from the right and shall have the right-of-way over those approaching from the left."

■ Under this provision it is clear that defendant was entitled to the right of way at the intersection and under the circumstances related we think plaintiff's failure to yield the same constituted contributory negligence both as a matter of fact and of law. And this view is abundantly supported by numerous Illinois cases. As was aptly stated in McCarthy v. Fadin, 236 Ill. App. 300, 301:

"When plaintiff approached the intersection it was his duty under this rule to look toward his right to ascertain if any other automobile was approaching the intersection to which he should yield the right of way. Plaintiff says he did look to the north and saw defendant's car when it was 125 feet away, but without observing the speed at which it was approaching the intersection he proceeded on his way. The law cast upon him an affirmative duty to keep out of the defendant's way. That means he should have observed the speed of the other car, and, if necessary, he should have slowed down or stopped or, reversed, in order that the other car might cross. * * *

"It is obligatory upon the drivers of automobiles to observe this rule of the right of way, and if one ignores and violates this and an accident results thereby, he has been guilty of contributory negligence which bars any recovery from the other party for resulting damages."

■ The court in the case just cited makes an observation with which we are in hearty accord. The court stated, "In the interests of safety upon our streets, this rule cannot be too strongly emphasized and rigorously enforced." It is a matter of common knowledge that highway intersections are the points of greatest danger in highway traffic. Obviously, two cars or other objects cannot occupy an intersection space at the same time and when both are approaching one or the other must yield or a collision will inevitably result. The law of Illinois has placed the duty of yielding upon the one approaching from the left, and a person who fails to recognize such duty without an excuse or reason, as is the situation in the instant case, should not be permitted to recover from a person approaching from the right who is entitled to assume that the right of way is his. Any other view would magnify the hazard which lurks at the point of intersecting highways.

Numerous other Illinois cases could be cited which support the rule which we have quoted from McCarthy v. Fadin, a few only of which we need cite. Crowe Name Plate & Mfg. Co. v. Dammerich, 279 Ill.App. 103, 107; Kirchoff v. Van Scoy, 301 Ill. App. 366, 369, 22 N.E.2d 966; Walker v. Ill. Com. Tel. Co., 315 Ill.App. 553, 558, 43 N.E.2d 412; Secrist v. Raffleson, 326 Ill.App. 489, 493, 62 N.E.2d 36.

Plaintiff argues that he was not guilty of contributory negligence as a matter of law but that the question is one of fact and therefore was properly submitted to the jury. The main cases relied upon in support of this argument are Anderson v. Krancic, 328 Ill.App. 364, 66 N.E.2d 316; Moran v. Gatz, 390 Ill. 478, 62 N.E.2d 443, and Winn v. Cleveland, C. C. & St. L. Ry. Co., 239 Ill. 132, 87 N.E. 954. In our view none of such cases impair the reasoning which we have heretofore employed. True, they announce a different rule, but under factual situations entirely dissimilar.

In the Anderson case, it was charged that plaintiff was guilty of contributory negligence as a matter of law. The court held that the question should have been submitted to a jury, but there it was the plain-

tiff who was approaching the intersection from the right and therefore entitled to the right of way. The court stated 328 Ill.App. at page 373, 66 N.E.2d at page 320, "the plaintiff had the benefit of the assurance that the defendant would yield the right of way to him. * * * This assurance was a material element of the case to be considered by the jury."

In the Moran case, plaintiff as a pedestrian was crossing a street intersection in the City of Chicago and was struck by defendant's automobile. Contrary to defendant's contention, the court held that plaintiff was not guilty of contributory negligence as a matter of law. The court had before it a different statutory provision fixing the rights of the parties under such circumstances. Moreover, numerous other cars were approaching the intersection at the time of the accident. The circumstances in that case are far different from those here where plaintiff had a clear, unobstructed view of defendant's car as it approached the intersection, and with nothing to distract his attention or to explain why he failed to discharge his statutory duty to yield the right of way.

In the Winn case, it was sought to recover from the railroad company for death occasioned when plaintiff's intestate was killed by being struck by defendant's train at a railroad crossing. The view of the approaching train was obstructed and it was held that plaintiff's intestate was not guilty of contributory negligence as a matter of law. Again the facts of this case are readily distinguishable from those before us.

There is no occasion to cite other railroad crossing cases or pedestrian cases where it has been held that the plaintiff was not guilty of contributory negligence as a matter of law. In all of such cases, so far as we know, there was evidence which excused or tended to excuse plaintiff's failure to observe an approaching train or automobile, or evidence that plaintiff was misled without his fault. In such cases it has been held that the question of contributory negligence is for the jury. We find no Illinois case, however, which has held that such question is for the jury under circumstances such as the instant record presents, where the plaintiff had a clear and unobstructed view and where no excuse was offered as to why he did not observe the course of defendant's car approaching from the right, and no reason or excuse was offered as to his failure to yield the right of way.

Under the circumstances we are satisfied plaintiff is not entitled to recover. The judgment appealed from is, therefore,

Reversed.