Samuel Pagano, Plaintiff-Appellee, v. Walter E. Leisner, Individually and as Administrator of Estate of Howard W. Leisner, Deceased, Howard Galloway, and Automobile Carriers, Inc., Defendants-Appellants. Walter E. Leisner, Individually, Appellant.

**Gen. No. 10,779.**

Second District.

March 17, 1955.

Released for publication April 7, 1955.

 █ 

Burrell & Holtan, of Freeport, for appellant; David M. Burrell, of Freeport, of counsel.

Miller, Thomas, Hickey & Collins, of Rockford, for appellee; William E. Collins, and Edwin T. Powers, Jr., both of Rockford, of counsel.

PER CURIAM.

This is an appeal by defendant-appellant, Walter E. Leisner, from a judgment in the sum of $22,500, entered in the circuit court of Ogle county, in favor of plaintiff-appellee, Samuel Pagano, hereinafter called plaintiff.

The suit, as originally instituted by plaintiff, named certain other parties defendant in addition to appellant, Walter E. Leisner, viz.: Walter E. Leisner, administrator of the estate of Howard W. Leisner, Howard Galloway, and Automobile Carriers, Inc., a corporation. The charges against the administrator were set forth in count one of the complaint of plaintiff. During the progress of the trial, count one was severed, and the case proceeded as against the other three named defendants. The jury, by its verdict, found the defendants, Howard Galloway and Automobile Carriers, Inc., a corporation, not guilty. The sole issue presented to us for determination on appeal is the judgment plaintiff has secured against the defendant, Walter E. Leisner.

The factual situation giving rise to this litigation, as same is disclosed by the evidence, indicates that on February 20, 1953, at about 3:30 in the afternoon, the defendant, Howard Galloway, was driving a 1945 Auto Dealers transport truck south on State route 26, approaching an intersection known as Cavanaugh corner,

located about four miles south of Polo, Illinois. State route 26 is an eighteen-foot concrete paved highway in good condition and was dry at the time the accident occurred. Visibility was good at the time of the accident. At the same time the defendant, Howard W. Leisner, was driving a 1953 one-half-ton Dodge pickup truck east on a black-top road, referred to as the "Penrose" black-top. It appears from the evidence that the intersection is generally level and that route 26 is a preferential highway, and as one approaches it driving east on the Penrose black-top, there is first a sign stating "Stop Ahead," and then about two hundred feet farther east a conventional stop sign.

The evidence further discloses the plaintiff, Samuel Pagano, was riding as a passenger, but not as a guest passenger, in the front seat of the Leisner pickup and was seated between Howard W. Leisner, the driver, on his left, and Claude Clark, another passenger, on his right. There is some conflict in the evidence as to the speed of the pickup truck as it approached this intersection. However, it appears from the evidence that as Leisner approached route 26, he slowed down to twenty to twenty-five miles an hour. Plaintiff testified he first observed the transport truck when it was one hundred feet away, and at that time the pickup truck was twenty to twenty-five feet west of the west edge of the concrete slab. Plaintiff further testified that when he observed the truck he "thru his hand out in front of" the driver and yelled, "look out," and the driver then put his pickup truck into second gear and accelerated, increasing his speed. The defendant Galloway, driver of the transport truck, testified at the moment of the impact it was his opinion that Leisner was traveling at fifty to fifty-five miles an hour. The record discloses that the driver of the pickup truck hit the transport truck squarely on its right side just behind the cab. As the result of this collision, the plaintiff was very seriously injured, and there is no contention raised on this

225

appeal either that Howard W. Leisner was not guilty of negligence or that the judgment is in any way excessive in view of the serious and permanent nature of plaintiff's injuries.

The evidence developed on part of the plaintiff indicated that Walter Leisner, father of Howard W. Leisner, the driver of the pickup truck, was engaged in the trucking business at Sterling, Illinois, and had purchased two trucks from Williamson, a Rockford dealer. Earlier the day of the accident the plaintiff and a man, by the name of Clark, had driven these two trucks from Rockford to Sterling, and it was shown by the evidence that as a part of the deal involving the purchase and delivery of the two trucks, Walter Leisner had agreed to see that the two drivers, plaintiff and Clark, were transported back to Rockford, and that Walter Leisner told Howard W. Leisner to drive plaintiff and Clark to Rockford. The Dodge pickup truck was en route to Rockford when the collision occurred.

Plaintiff, in his complaint, charged that Walter Leisner was the owner of the Dodge pickup truck involved in this accident, and that Howard W. Leisner at the time of the accident was acting as the agent of his father in driving the pickup truck and returning plaintiff and Clark to Rockford. Defendant, in his answer, denied the ownership of the pickup truck; and also denied that Howard W. Leisner was driving the pickup truck as his agent at the time of the accident.

There is a sharp conflict in the evidence with respect to how Howard W. Leisner happened to be taking the plaintiff and Clark back to Rockford. The defendant contends by his testimony that his contract with Williamson to purchase the used trucks had been concluded prior to the day of the accident and he was under no obligation to provide plaintiff and Clark with transportation from Sterling back to Rockford after they had delivered the trucks. It is further contended by defendant that Howard W. Leisner, at the time of this accident, was using the Dodge pickup truck for pur-

226

poses of his own and was not in any way acting as agent for the defendant herein.

During the presentation of the plaintiff's case, evidence was offered and admitted over defendant's objection to show an insurance policy had been issued on the Dodge pickup truck for both public liability and collision, and that said policy was in the name of defendant, Walter Leisner. There was evidence that the said Walter Leisner told the insurance agent who wrote the policy that he, Walter, and not Howard, was the owner of the Dodge pickup truck. The evidence discloses that the policy was made out in the name of Walter Leisner and mailed to him and was never returned by him to the agent.

In addition to the verdict of the jury which found the defendant guilty and fixed the amount of plaintiff's damages at $22,500, there was returned by the jury two special interrogatories which were answered in manner entirely consistent with the verdict in favor of plaintiff, viz.: In response to the interrogatory, "Was the plaintiff, Samuel Pagano, a guest in the pickup truck driven by Howard Leisner, deceased, at and prior to the time of the accident in question?"; which interrogatory was to be answered "yes" or "no," and the answer was "no." The other special interrogatory submitted was, "At the time and place of the accident in question was Howard Leisner, deceased, operating the pickup truck in question as agent of the defendant, Walter Leisner, and engaged upon the course of business of the defendant, Walter Leisner?"; and which interrogatory was to be answered "yes" or "no" and was answered "yes" by the jury.

Defendant, on appeal in this court, has made three assignments of error: First, that the court erred in giving a certain instruction at the request of the plaintiff; second, that the court erred in refusing defendant's instruction on the subject of "emergency"; and third, that the court erred in overruling defendant's objections to the testimony of the witness Schuneman.

227

■ The instruction given on behalf of plaintiff which referred to the duty of a passenger in that car we do not believe, under the facts in this case, was in any way erroneous, and has had consideration and approval in Tennes v. Tennes, 320 Ill. App. 19,. and by this court in Secrist v. Raffleson, 326 Ill. App. 489. We are disposed to and do adhere to the approval we gave to this instruction in Secrist v. Raffleson, supra. As was observed in Secrist v. Raffleson, supra, the instruction does not direct a verdict and we do not believe that the jury could have been misled in any way by the instruction which is now challenged on this appeal.

■ As to the contention advanced by defendant that defendant's instruction which had to do with the subject of "emergency" was one improperly refused by the court, we are of the opinion that it was improperly refused for the reason that it was not applicable or appropriate under the facts. There is no evidence in the record that the defendant's agent stopped at any time before colliding with the transport truck in question, and if there was an emergency created we believe, under the evidence in this case, that such emergency was created by the defendant's agent himself, and that in this case defendant was not entitled to have the tendered instruction given.

■■ As to the third and final contention advanced by the appellant, in view of the fact that the issue concerning which this evidence was offered was a highly controverted and very material issue, and giving consideration to all the facts of this case and the circumstances surrounding the giving of such testimony, we have concluded that the introduction of this testimony was not error. Testimony of liability insurance on an automobile is evidence of ownership and is therefore material; and in this case because of the pleadings denying ownership, plaintiff had a right to prove that defendant had taken out a policy of insurance on the car as a circumstance tending to prove ownership, and the mere fact that such evidence might tend to prejudice

228

the minds of the jury in arriving at a verdict is not sufficient ground for excluding it (Vacker v. Yeager, 151 Ill. App. 144; Watson v. Trinz, 274 Ill. App. 379).

A careful consideration of the record of this entire case persuades us that there is no reversible error in the record, and, accordingly, the judgment of the circuit court of Ogle county is affirmed.

Judgment affirmed.