## Alfred D. Koenig by David Koenig, Defendant in Error, v. Frank Semrau, Plaintiff in Error.

### Gen. No. 21,739.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916.

### Statement of the Case.

Action by Alfred D. Koenig, a minor, by David Koenig, his next friend, plaintiff, against Frank Semrau, defendant, in the Municipal Court of Chicago, to recover for personal injuries sustained in a collision between plaintiff's motorcycle and defendant's automobile, alleged to have been negligently operated. To reverse a judgment for plaintiff for $400, defendant prosecutes this writ of error.

John Semrau, a minor and son of defendant, was driving his father's large touring car, and Alfred D. Koenig was riding his motorcycle.

It appeared that John Semrau, who was driving north, suddenly and without giving any warning turned the car, so that he might drive it southward, when Alfred D. Koenig, who was riding south at a reasonable speed, collided with defendant's car, injuring both himself and his motorcycle. Both sons of defendant who were in the car swore that they looked before John turned, without seeing any vehicle in sight. Koenig was within clear view of the occupants of the car. It was admitted that the street was clear of vehicles, and that there were no obstacles to obstruct the vision of those in the car.

ROYAL W. IRWIN, for plaintiff in error.

PEDEN, KAHN & MURPHY, for defendant in error; R. C. MERRICK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to establish negligence in operation of automobile.* In an action to recover for personal injuries sustained as a result of a collision between plaintiff's motorcycle and defendant's automobile, evidence *held* to show that the driver of the automobile was negligent, it appearing that the motorcycle and automobile were proceeding in the same direction, and that the collision was caused by the attempt of the driver of the automobile to turn so as to proceed in the opposite direction, obstructing plaintiff, who was riding at a reasonable rate of speed.

2. AUTOMOBILES AND GARAGES, § 3*—*when evidence that no vehicle was in sight before automobile turned, of no weight.* Evidence of the occupants of an automobile that before starting to turn the car so as to proceed in the opposite direction they looked around without seeing any other vehicle in the vicinity is of no weight, where it is not disputed that at such time a motorcycle was being ridden on the same street in full view from the place where the automobile was when the attempt was made to turn.

3. NEGLIGENCE, § 1*—*what constitutes.* Where there is nothing to obstruct vision it is negligence not to see what is clearly visible.

4. DAMAGES, § 129*—*when verdict not excessive.* In an action to recover for injuries sustained by reason of a collision between plaintiff's motorcycle and defendant's automobile, where damages were claimed both for personal injuries and injuries to the motorcycle, a verdict for plaintiff for $400 *held* not excessive, it appearing that plaintiff's right arm was fractured in two places, and that it cost $99.50 to repair the motorcycle.

5. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to sustain verdict.* In an action to recover for personal injuries sustained as a result of a collision between plaintiff's motorcycle and defendant's automobile as the result of the attempt of the driver of the automobile, suddenly and without warning, to turn and proceed in the opposite direction, such automobile prior to the attempt to turn having proceeded in the same direction as plaintiff, a verdict for plaintiff *held* supported by a preponderance of the evidence.

6. COSTS, § 73*—*when expense of additional abstract taxable.* Where the abstract filed by appellant is insufficient, it is proper

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
    Vol. CXCVII 40

to tax as part of the costs the expense of an additional abstract filed by appellee.

## Illinois Glass Company, Defendant in Error, v. Ozell Company, Plaintiff in Error.

### Gen. No. 21,765.

1. SALES, § 153*—*what constitutes acceptance of goods.* Payment for goods after retaining them after delivery a sufficient length of time to examine them constitutes in law an acceptance, and makes the goods the property of the vendee.

2. SALES, § 108*—*when buyer may not rescind contract.* A vendee who, by the sale of some of the goods, has put it out of his power to restore them to vendor cannot rescind the contract of sale, since a contract can only be rescinded *in toto.*

3. SET-OFF AND RECOUPMENT, § 17*—*when unliquidated damages may not be counterclaimed.* Unliquidated damages cannot be counterclaimed in an action based on a transaction separate and distinct from the transaction which is the basis of the counterclaim, and where neither transaction grew out of nor is related to the other.

4. DAMAGES, § 81*—*what constitute unliquidated damages.* Damages for defects in bottles sold and delivered in pursuance of a contract are unliquidated, and cannot be made liquidated by an arbitrary method of calculation.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the December. term, 1915. Affirmed. Opinion filed January 31, 1916.

DEMING & JARRETT and RAYBURN & BUCK, for plaintiff in error.

CULVER, ANDREWS, KING & COOK, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.