Stanley Zielinski, Minor, By Stella Zielinski, Guardian
Ad Litem, Appellant, v. David Pleason, Appellee.

Gen. No. 40,433.

Opinion filed April 24, 1939.

JOHN E. TAYLOR, of Chicago, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the
opinion of the court.

This is an appeal from a judgment against Stanley
Zielinski of $400, with a special finding of malice and

that body execution issue. Judgment was entered after a trial by the court in actions for damages growing out of a collision between automobiles at the intersection of Yates avenue and 75th street in Chicago.

Suit was started by Stanley Zielinski (hereafter called plaintiff) against David Pleason (hereafter called defendant) to recover damages to plaintiff's automobile. Defendant filed a counterclaim against plaintiff, claiming damages to his car because of the negligence of plaintiff. His counterclaim contained a count charging plaintiff with wilful and wanton driving of his car. After trial the court found for defendant and against plaintiff, and from the judgment plaintiff appeals. Defendant does not appear in this court in support of the judgment.

The first point made by plaintiff is that he was a minor at the time judgment was entered against him, without the appointment of a guardian *ad litem* to represent him in the trial. A large number of cases are cited in support of this contention. For the most part they are not in point as they involve questions of defaults, heirship and suits in equity where the property rights of the minor were in issue.

Plaintiff relies principally upon the opinion in *Bellchambers v. Ebeling,* 294 Ill. App. 247, which was a tort action involving facts very much like those in the present case. It was there held that where the guardian *ad litem* was appointed after the case was tried the appointment was too late, and that the court should for that reason have granted a new trial, and the judgment was reversed. The opinion in that case rested its conclusion largely on the opinion in *Collins v. Hastings,* 283 Ill. App. 304. Examination of the cases upon which rests the decision in the *Hastings* case shows that for the most part they are not in point. In one of them, *Peak v. Shasted,* 21 Ill. 137, the minor defendant was defaulted. *McCarthy v. Cain,* 301 Ill. 534, was a

question of heirship. *Simpson v. Simpson,* 273 Ill. 90, were proceedings to probate a will. In fact, most of the cases cited in the *Hastings* case have no resemblance to the case at bar.

In *Trolinger v. Cluff,* 56 Idaho 570, is a comprehensive and thorough examination into this question, with numerous citations. The opinion in that case concludes by holding, substantially, that unless the minor makes some showing to the effect that he has a meritorious defense or has been misled or deprived of some legal right because of his minority he should not be allowed to have the judgment vacated because of his minority.

Illinois cases tending to support the rule that some injustice must be made to appear because of failure to appoint a guardian *ad litem* of a minor, before the judgment will be vacated, are *Lemon v. Sweeney,* 6 Ill. App. 507; *People v. Humbracht,* 215 Ill. App. 29, 35.

In the present case plaintiff himself commenced the litigation; there was no suggestion in his statement of claim nor in the evidence that he was a minor; he participated in the trial by testifying, he was represented by the same attorney who appears in this court, and the trial proceeded without any suggestion that he was a minor or that his rights and interests, because of this, were in any way affected.

The attention of the court was first called to the minority of plaintiff when the motion for a new trial was made; the court in overruling this said that this minority was not made known at any time during the trial and that in all physical respects plaintiff could not be taken for a minor; after motion for a new trial was denied and judgment entered, upon the affidavit of plaintiff's mother that he was 19 years of age, she was appointed guardian *ad litem* to act for him in any further proceedings in the cause. We are unable to see, and counsel for plaintiff does not point out, how

in any respect the testimony and proceedings at the trial would have been different had a guardian *ad litem* been appointed before trial. As the late Elihu Root said, "Justice is entangled in a net of form."

However, we are of the opinion that upon the merits this judgment cannot stand.

The accident happened about 9:30 a. m., October. 8, 1937; plaintiff was driving west on 75th street in a Packard car and defendant was driving north on Yates avenue in a Plymouth car; the accident took place at the intersection of these streets. There is a stop sign on 75th street and a "Slow-Danger" sign on Yates. Plaintiff says he stopped before crossing Yates, looked both ways and started across; when he got to the center of Yates defendant's Plymouth hit the rear end at the side of his Packard. Another witness who was on the northeast corner of 75th and Yates testified that plaintiff stopped his car at the street intersection and then shifted gears and went on. This witness did not see the Plymouth car. Another witness was following plaintiff's car, driving a truck west on 75th street. He testified that plaintiff came to a stop at Yates before proceeding.

Two witnesses and defendant and his daughter testified to the effect that plaintiff did not stop at the intersection. Defendant and his daughter testified that they looked to the right and saw no cars approaching. Both these witnesses testified that the Packard struck defendant's car. The daughter said plaintiff's car was going about 40 miles an hour and that its front hit the side of their Plymouth.

They were shown photographs of the respective cars taken shortly after the accident, showing their condition. They showed beyond question that the left rear of plaintiff's Packard was struck by the front end of the Plymouth. The testimony of the witnesses for defendant was so indefinite and manifestly untrue in

certain respects that it is difficult to place any reliance upon it.

Considering the evidence as a whole, we are of the opinion that it did not justify any finding of malice on the part of plaintiff, Zielinski. We are also of the opinion that defendant failed to prove he was in the exercise of due care. It is impossible to believe that he looked to the right and failed to see the other automobile. *Koenig v. Semrau,* 197 Ill. App. 624; *Johnson v. Kushler,* 269 Ill. App. 553, 561; *Crowe Name Plate & Manufacturing Co. v. Dammerich,* 279 Ill. App. 103.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.