Otis Elevator Company, Appellee, v. American Surety Company of New York, Appellant.

Gen. No. 41,914.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed May 14, 1942.

ADAMS, HAWXHURST, HAWLEY & WHITE, RALPH R. HAWXHURST and HOMER C. DAWSON, all of Chicago, for appellants; RALPH R. HAWXHURST and HOMER C. DAWSON, both of Chicago, of counsel.

Sims, Handy & McKnight, of Chicago, for appellee; T. I. McKnight, of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

In 1937 Eleanor D. Harris and others, hereinafter referred to as the Harris heirs, brought suit for the use of Otis Elevator Company, a subcontractor, to recover on a surety bond given to secure the performance of a construction contract entered into between the Harris heirs and the principal contractor, Good Construction Company. The bond and the contract which it secured were executed and were to be performed in the State of Pennsylvania. The question presented on the pleadings was whether recovery could be had for the use of the subcontractor, although it was not a party to either the principal contract or the surety bond. The circuit court was of opinion that the contract was unenforceable under the law of Illinois and accordingly sustained defendant's motion to strike the complaint as amended. We affirmed that judgment, but the cause was taken by the Supreme Court of Illinois on motion for leave to appeal and it was there held that under the decisions of Pennsylvania, which were held to be controlling, the complaint sufficiently stated a cause of action, and the judgment of the Appellate and Circuit Courts was reversed and the cause remanded with direction to overrule the motion to strike the complaint and to proceed with the hearing. (*Harris v. American Surety Co.*, 372 Ill. 361.) Since the pleadings and facts are sufficiently set forth in the opinion of the Supreme Court, they need not here be repeated. When the cause was redocketed in the circuit court and upon the pleadings as they then existed, Otis Elevator Company, substituted as plaintiff, moved for summary judgment, including interest, which was allowed in the aggregate of

$4,261.58. Defendant, as surety on the bond, has taken an appeal.

The only issues of fact not settled by the pleadings relate to the execution and performance of plaintiff's contract with Good Construction Company for an elevator in the Harris Building in McKeesport, Pennsylvania, and the amount which Good Construction Company had failed to pay plaintiff thereon. To establish the facts pertaining to these issues and in support of its motion for summary judgment, plaintiff presented to the court five supporting affidavits, copies of which were served on defendant's counsel, together with notice of the motion, but without certain exhibits attached thereto. The exhibits which plaintiff failed to attach to the affidavits were a copy of contract between the Harris heirs and Good Construction Company, a copy of the specifications, a copy of contract between Otis Elevator Company and Good Construction Company, and a copy of the original drawings and plans of the building. With respect to these exhibits the notice of motion for summary judgment advised counsel for defendant that the contract between the Harris heirs and Good Construction Company which was omitted from the affidavits was identical with a copy as set forth in the complaint; that the copy of specifications was the same as that which had previously been delivered to defendant's counsel in October 1940; that copy of the contract between Otis Elevator Company and Good Construction Company was set forth in the complaint; and that since no copy of the original drawings and plans was available for service upon defendant, a photostatic copy thereof was available for examination at any time in the office of plaintiff's counsel.

It is urged as ground for reversal that plaintiff's failure to attach copies of these exhibits to the affidavits presented in support of its motion for summary judgment was such a violation of rule 21 of the

circuit court and rule 15 of the Supreme Court as to preclude the court from entering summary judgment in favor of plaintiff. The circuit court rule reads in part: "Every motion for summary judgment shall be filed and notice thereof served upon the defendant, together with copies of the supporting affidavit or affidavits and of all other supporting papers, at least ten days before the hearing of such motion." Rule 15 of the Supreme Court contains the following pertinent provision, which is similar to but more· elaborate than the circuit court rule: "The affidavits in sup·port of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto."

Defendant's counsel say that the proceeding for summary judgment is an extraordinary one and should, therefore, be strictly and literally followed. However, we find cases decided by reviewing courts since the act was adopted in 1933 which define the purpose of the procedure and the requirements of a party who seeks summary judgment thereunder. In *Mee v. Marks*, 304 Ill. App. 370, the court said that the purpose of the provision in the act was to determine whether there is an issue of fact for the jury and that the affidavits contemplated in the rules are designed to inform the court of the existence or non-existence of an issue worthy of trial. In *Spry v. Chicago Ry. Equipment Co.*, 298 Ill. App. 471, the court quoting from another decision, said: " 'The primary purpose of section 57 of the Civil Practice Act is to enable the court to determine whether there is an issue of fact which should be tried. In *Dwan v. Massarene*,

192 N. Y. S. 577, the Appellate division of the Supreme Court, construing a similar section, said:

" ' "The defendant must show that he has a bona fide defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof." '

"The trial court, of course, must determine from the affidavits filed whether the defendant has interposed a sufficiently good defense to entitle it to defend, but where defendant's affidavits present no substantial triable issues of fact, the court will grant the motion for a summary judgment."

In *Roberts v. Sauerman Bros., Inc.,* 300 Ill. App. 213, we find the following pertinent observations: "Defendant criticizes the affidavit supporting the motion for summary judgment *because it does not have attached thereto all of the exhibits on which it relies.* The complaint does have attached thereto as exhibits the various documents upon which it relies, and the affidavit for summary judgment adopts the essential exhibits attached to the complaint. *It would be a supererogation to require plaintiff to attach copies of the exhibits already in the files."* (Italics ours.) The same comments may appropriately be made with respect to defendant's contention in the case at bar. The copies of the exhibits of which defendant complains were either attached to the complaint or were contained in the files in the clerk's office or were available to defendant at any time. It frequently happens, as the court pointed out in *Roberts v. Sauerman Bros.; Inc.,* that a party may be able to state a defense in a pleading and yet, when he is required to set up that defense in affidavits, it may become apparent that he has no defense and "If he has no defense, he is not entitled to a trial."

An examination of the affidavits submitted by plaintiff in support of its motion for summary judgment leaves no doubt that plaintiff substantially complied with the Practice Act and the rules of the Circuit and Supreme Courts. That the two contracts were contained in the complaint, and that plaintiff's counsel had several months before delivered a copy of the specifications to defendant, cannot well be disputed. The only exhibit which was not contained in the pleadings was the original drawings and plans, and as to these, plaintiff's counsel stated in their notice to defendant that no copies were available but that the photostatic copy of the original was available for examination at any time in counsel's office.

The primary purpose of affidavits, under summary judgment proceedings, is to inform the court of the existence or nonexistence of an issue worthy of trial, and the purpose of the rules is unquestionably to enable defendant to prepare affidavits of merits if he desires to dispute, under oath, any material facts therein. The affidavits presented and the copies of the exhibits already in the files were sufficient to enable the court to determine whether the surety company could defend the action, and to afford it an opportunity to dispute the material facts presented to the court by means of the affidavits.

The ground urged for reversal is a technical one, and a reversal and remandment would result in no benefit to defendant. In the course of the hearing on the motion for summary judgment the court on several occasions asked defendant's counsel if they desired to file an affidavit of merits, saying that additional time would be granted for that purpose if desired. However, counsel advised the court that they did not desire to file any, and we think it may fairly be inferred from these circumstances that defendant had no defense on the merits.

The only other point urged by defendant is that the court erred in allowing interest on the bond at

6 per cent from August 30, 1929, the date when the money became due under the Otis Elevator contract. The Supreme Court of Illinois having determined that the law of Pennsylvania governs this case, the only question presented is when interest begins to accrue on contracts of this kind. We think *Erie Trust Company Bank v. Employers' Liability Assur. Corp.*, decided by the Supreme Court of Pennsylvania and reported in 322 Pa. 132, 185 Atl. 224, and cases cited therein, are decisive of this question.

Plaintiff seeks an assessment of damages for unnecessary delay under sec. 23, ch. 33, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 48.075]. This request is denied.

We are of opinion that the summary judgment, which included interest on the principal sum, was properly entered and it is, therefore, affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.