Peter J. Simaitis, Plaintiff-Appellant, v. Grace E. Thrash, Defendant-Appellee.

Gen. No. 11,342.

Second District, Second Division.
April 18, 1960.

Williams, McCarthy, and Kinley, and Bernard P. Reese, Jr., all of Rockford, for plaintiff-appellant.

Foltz, Haye, and Keegan, of Rockford (Frederick H. Haye, of counsel) for defendant-appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This action was brought by the plaintiff, Peter J. Simaitis, to recover damages for personal injuries he sustained as a result of a collision between the automobile in which he was riding as a passenger and an automobile driven by the defendant, Grace E. Thrash. The automobile in which plaintiff was riding was owned by him and being driven by his wife, Dorothy M. Simaitis.

Defendant filed an answer to the complaint and thereafter discovery depositions were taken of plaintiff's wife, plaintiff and defendant. Defendant then filed a motion for summary judgment based on evidence given in the discovery depositions. The court granted this motion and entered judgment against the plaintiff on the theory that plaintiff's wife was guilty of negligence as a matter of law and that such negligence was imputed to the plaintiff, and that plaintiff was guilty of contributory negligence. From that judgment plaintiff appeals.

Plaintiff contends that the question of contributory negligence of the plaintiff and the negligence of the driver of the plaintiff's car was for the jury and that the legal relationship between plaintiff and his wife was also a jury question, and that the court erred in

granting the motion for summary judgment and entering judgment against plaintiff.

Defendant contends that the testimony of plaintiff and his wife given on their discovery depositions established as a matter of law that the plaintiff's wife, driver of plaintiff's automobile, was guilty of negligence which was imputed to the plaintiff and that plaintiff was guilty of contributory negligence.

The collision out of which this case arose occurred on March 3, 1958, in the City of Rockford, Illinois, in the intersection of Latham Street, which extends north and south, and River Bluff Boulevard, which extends east and west. The two streets are twenty-four feet in width and have a black top surface. The intersection is commonly referred to as an open intersection and there were no stop signs or other traffic controls at the intersection. The collision occurred in the afternoon while it was still daylight, the weather was clear and the streets were dry. The plaintiff was riding in the front seat on the right side of his 1953 Plymouth automobile which was being driven by his wife. Plaintiff's automobile was traveling north on Latham Street, and the automobile driven by the defendant was traveling west on River Bluff Boulevard.

It is necessary for a proper determination of this case to summarize the evidence given by plaintiff's wife, plaintiff and defendant in their discovery depositions.

Plaintiff's wife testified in her deposition that she was employed by J. L. Clark Mfg. Co., and on the day of the collision she had driven her husband's (plaintiff's) automobile to work and after work she drove to Chestnut and Madison Streets where she picked her husband up, and then drove to West High School where she picked up her daughter and a girl friend and then proceeded to the place of the collision intend-

ing to take her daughter's girl friend home and go to the market for groceries for the family.

Plaintiff's wife further testified as she traveled north on Latham Street approaching its intersection with River Bluff Boulevard, she was driving about twenty miles per hour and she slowed down as she got closer to the intersection and entered it. She testified that she looked east down River Bluff Boulevard when they reached the south side of River Bluff Boulevard, and from that point she could see about one-half block toward the east and did not see any cars approaching the intersection. Plaintiff's wife further testified that defendant's car was about a car length away when she first saw it and that it looked like it was traveling pretty fast and that she saw it instantly before the impact and that she was across the center of the intersection at the time of impact.

Plaintiff's wife further testified that the defendant's car hit the plaintiff's car in the right rear, and that plaintiff's car was in the northeast quarter of the intersection at the time of impact and that plaintiff's car was turned completely around and came to a stop up against the northeast corner of the intersection.

Plaintiff, Peter J. Simaitis, in his deposition testified that he looked to the east when the car in which he was riding was about fifty feet south of the south curb of River Bluff Boulevard and that he did not see any car approaching from the east; that his wife, who was driving his car, slowed down before entering the intersection and that he did not see the defendant's car until it was about two car lengths away and that at that time his car was traveling very slowly across the intersection and he told his wife to "step on it." He then stated that she did "step on it" but that his car was an old one and did not "take off" like it should. Plaintiff also testified that he attempted to attract

345

the attention of the defendant by waiving his arms to get her to slow down but that defendant showed no indication of slowing down and did not slow down.

Defendant, in her discovery deposition, stated that she was driving a 1951 Chevrolet automobile west on River Bluff Boulevard in the right hand lane of traffic at a speed of twenty or twenty-five miles per hour. She stated that this was the speed of her car as she approached the intersection of River Bluff Boulevard and Latham Street. She stated that when she first saw the car in which plaintiff was riding it was traveling north on Latham Street and hadn't yet reached the intersection. The following questions were then asked the defendant and she made the following answers:

"Q. It proceeded into the intersection, ahead of you?
"A. Yes.
"Q. Your car had not as yet reached the corner when it was in the intersection?
"A. I think we were there about the same time."

The defendant then testified that plaintiff's car was traveling at about the same speed as she was. Defendant stated that she slowed down before proceeding into the intersection and that she was then traveling three, or four or five miles an hour, that she locked her brakes and skidded. Defendant stated that the front part of her car hit the rear part of plaintiff's car. Defendant stated she did not know if she sounded her horn.

■ Summary judgment or decree sought should be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat., 1957, chap. 110, Section 57(3)).

In the recent case of Allen v. Meyer, 14 Ill.2d 284, 152 N.E.2d 576, both parties had moved for summary judgment, all material facts were before the court, the issues were defined and the parties were agreed that only a question of law was involved. The Supreme Court in discussing the history, purpose and function of summary judgment proceedings stated at pages 291–292 of 14 Ill.2d and at page 580 of 152 N.E.2d, the following:

"For many years we have held that the entry of summary judgment or decree is proper only where the issues involved are simple in nature and the legal consequences of those facts conclusive. Ward v. Sampson, 391 Ill. 585, 63 N.E.2d 751. These decisions, however, were handed down under the provisions of a practice statute which then severely limited the classes of cases in which summary disposition could be made. The statute has since been amended to provide for the entry of summary judgment or decree in any proper case. (Ill. Rev. Stat. 1957, chap. 110, par. 57.) We regard this as a salutory development. Summary judgment procedure is an important tool in the administration of justice. Its use in a proper case, wherein is presented no genuine issue as to any material fact, is to be encouraged. The benefits of summary judgment in a proper case inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials."

 Summary judgment procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact but to try whether one exists between parties within the legal meaning. Sampson Co. v. Mandel Bros., 3 Ill.App.2d 92, 120 N.E.2d 571. The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon and, if there is, the

347

motion for summary judgment must be denied. Gribben v. Interstate Motor Freight System Co., 18 Ill.App. 2d 96, 151 N.E.2d 443.

■■ The right to summary judgment must be free from doubt and determinable solely as a question of law and if there is disagreement on any material fact or facts the motion should be denied. To warrant the granting of a motion for summary judgment based on discovery depositions, a fact or facts that would bar recovery as a matter of law must be admitted so clear and unequivocally that such admission is not open to dispute or different interpretations.

■■ It is not the province of the trial or reviewing court to substitute its judgment for that of the jury upon controverted questions of fact. It is fundamental law in our jurisprudence that all controverted questions of fact, in a jury trial, must be submitted to the jury for decision. Geraghty v. Burr Oak Lanes, 5 Ill.2d 153, 125 N.E.2d 47. This is primarily the exclusive function of the jury and to withdraw questions from its consideration is to usurp its function. Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74. In Pennington v. McLean, 16 Ill.2d 577, 158 N.E.2d 624, there was involved a collision at an intersection when plaintiff's decedent was attempting to drive across a favored street and was struck by defendant's automobile. The Illinois Supreme Court stated that if there was any evidence which tends to establish that plaintiff's decedent exercised due care, then, in that event, the issue of due care is a question of fact for the jury. In the Pennington case, supra, the court further stated that plaintiff's decedent may be deemed guilty of contributory negligence as a matter of law only when the evidence of due care is so insufficient that all reasonable minds in the exercise of fair and honest judgment would be compelled to reach the conclusion that there was a failure to exercise due care.

348

The facts as given upon the discovery depositions in the instant case are in dispute and open to different interpretations. *It is significant that the briefs of both parties are devoted primarily to statements and arguments of fact.* In the brief of the defendant, it is argued and contended that her automobile entered the intersection at about the same time as plaintiff's but by reference to the record it is noted that at another time defendant testified, as quoted above, that the plaintiff's car entered the intersection ahead of her. The defendant testified that she was driving slow and applied her brakes and slowed to a speed of three, four or five miles per hour, whereas, on the other hand, the plaintiff and his wife testified that the defendant was driving fast and failed to slacken the speed of her car even though plaintiff waved his arms in an effort to attract her attention.

Defendant strenuously argues that the driver of plaintiff's car, having admitted in her discovery deposition that she did not look to the east down River Bluff Boulevard for approaching vehicles until she was near the south side or edge of River Bluff Boulevard, and having further admitted that when she did look she could see about one-half block east on River Bluff Boulevard, and that she did not see defendant's car approaching from the east when her view was clear and unobstructed, has admitted facts which constitute negligence as a matter of law and that such negligence is imputed to the plaintiff, the owner of the automobile. Defendant further argues that the plaintiff was guilty of contributory negligence in his failure to see defendant's automobile when he looked from a point near the south side of River Bluff Boulevard even though he had a clear opportunity to do so.

█ Whether a given course of conduct amounts in law to negligence or contributory negligence depends on its character and attending circumstances; if the

acts or omissions complained of so contravene the prompting of ordinary caution that reasonable minds without doubt or hesitation would agree that no careful person would be guilty thereof, then such conduct is per se negligence or contributory negligence. Crowe Name Plate & Mfg. Co., v. Dammerich, 279 Ill. App. 103, 45 Corpus Juris, p. 643, Section 4.

The question of contributory negligence ordinarily and pre-eminently presents a question of fact. It can become a question of law only when from the undisputed facts, all reasonable minds, in the exercise of fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. Lasko v. Meier, 394 Ill. 71, 67 N.E.2d 162.

The testimony given by the plaintiff and the driver of plaintiff's car on their depositions is to the effect that there were trees on the east side of Latham Street south of the intersection, there was shrubbery on the south side of River Bluff Boulevard east of the intersection and that there were cars parked on River Bluff Boulevard about one-half block east of the intersection. This testimony, we believe, presents an issue of fact for a jury to determine whether the driver of the plaintiff's car was negligent and whether the plaintiff was guilty of contributory negligence in not looking to the east before reaching the point from where they did look.

There is conflicting and contradictory testimony concerning the speed of defendant's automobile while approaching the intersection from the east. This evidence, coupled with the fact that defendant in one portion of her testimony stated that plaintiff's automobile entered the intersection first, could reasonably account for the fact that plaintiff's wife and plaintiff did not observe defendant's car approaching from the east when they first looked east from a point near the south side of River Bluff Boulevard. It might be

350

inferred from this testimony that defendant's car was not within their view when they first looked.

We, therefore, conclude that whether the driver of plaintiff's car was guilty of negligence and whether the plaintiff was guilty of contributory negligence in not looking before they did and not seeing defendant's car when they did look for the first time, presents a genuine triable issue of material facts which should be passed on by a jury.

Plaintiff next contends that the trial court erred in holding that the negligence of the driver of plaintiff's car was imputed to him as a matter of law.

The discovery depositions indicate that there is no dispute that plaintiff was the owner of the automobile, and that he was riding in the front seat of the automobile being driven by his wife.

■ Where an owner is a passenger in his automobile at the time of an accident, he is liable for the negligence of the driver of his automobile if (1) he has not abandoned his right to control the automobile, or (2) if he exercises or has a right to exercise any control over the driver or the operation of the automobile, or (3) if the ride is for his benefit or for the mutual benefit of himself and the driver. Palmer v. Miller, 310 Ill. App. 582, 35 N.E.2d 104; Palmer v. Miller, 380 Ill. 256, 43 N.E.2d 973.

■ ■ An owner of a car riding in it, has not only the right to possession of it, but has such possession and he necessarily retains the power and the right of controlling the manner in which it is being driven, unless it is shown that he has contracted away or abandoned that right and he likewise has the duty to control the driver. Rigdon v. Crosby, 328 Ill. App. 399, 66 N.E.2d 190. There is nothing in the record before us in the instant case indicating that the plaintiff contracted away or abandoned his right to control the operation of his automobile.

We believe that the trial court was correct in holding that the negligence, if any, of the plaintiff's wife, the driver of the car, is imputed to the plaintiff.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion. ·

Reversed and remanded.

SOLFISBURG, P. J. and CROW, J., concur.