John R. Harrell, Plaintiff-Appellant, v. Ray Summers, et al., Defendants-Appellees.

Gen. No. 61–M–6.

Fourth District.

November 9, 1961.

Unger, Litak & Groppi, of Danville, for appellant.

Smith, McCollum & Riggle, of Flora, for appellee.

CULBERTSON, J.

This cause arises as the result of a libel action which was filed in the Circuit Court of Clay County. We had considered one phase of this case previously (Harrell v. Summers, 28 Ill App2d 282, 171 NE2d 284),

in which we determined that the order of the Circuit Court under Rule 19–5(2) denying a motion to compel oral answers and authorizing a deposition in whole or in part on written questions, was not a final and appealable order.

The complaint, as amended, charged that defendants had circulated a document in or about Louisville, Illinois, falsely stating that plaintiff was insane or using words of like meaning. Defendants filed a motion for Summary Judgment alleging that the only documents signed by any of the defendants in relation to plaintiff's sanity was one entitled "Petition for Commitment, Mentally Ill or in Need of Mental Treatment," which is absolutely privileged. Attached to the motion was an affidavit of the State's Attorney that he conferred with various persons regarding plaintiff's mental condition and directed his secretary to prepare the customary petition, which was not distributed or circulated outside of his office. The secretary's affidavit corroborated this statement. An affidavit of all the defendants also stated this was the only document ever signed by any of them and that it was never removed from the State's Attorney's office, by any of the defendants.

Plaintiff filed a motion to strike the motion for Summary Judgment. This motion was denied and Summary Judgment was granted in favor of defendants. Plaintiff now appeals from the order granting Summary Judgment, and also contends that the Trial Court likewise erred in its earlier ruling referred to in the previous case hereinabove cited, by denying the taking of discovery depositions orally.

It is the position of defendants that since plaintiff filed no counter-affidavits, the facts stated in the supporting affidavits and corroborated by depositions filed in support of the motion, established that the document alleged to be libelous was never circulated

or published, but was a legal document prepared and signed in the State's Attorney's office, and was therefore absolutely privileged.

The Civil Practice Act in Section 57, authorizes the entry of Summary Judgment in any proper case, and the pleadings on file are not conclusive if there are no disputed questions of fact, except those made by the pleaders (1951 Ill Rev Stats, c 110, § 57, and § 101.15; St. Louis Fire & Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625; Porter v. Miller, 24 Ill App2d 424, 164 NE2d 601). As stated in the St. Louis Fire & Marine case herein cited, where plaintiff's affidavits are sufficient, entry of summary judgment is not prevented by reason of the fact that defendant has filed pleadings which on their face set up a good defense. Defendant had an opportunity in that case to file counter-affidavits and failed to do so. Under the circumstances there was no conflict as to the facts and the Court is not required to look to unverified pleadings for facts in determining whether the motion for summary judgment was properly allowed (Killian v. Welfare Engineering Co., 328 Ill App 375, 66 NE2d 305).

■ As was pointed out in Otis Elevator Co. v. American Surety Co. of New York, 314 Ill App 479, 41 NE2d 987, the primary purpose of affidavits under summary judgment proceedings is to inform the Court whether or not there is in fact an issue worthy of trial. If no such issue in fact is shown, summary judgment may be entered in absence of a triable issue of fact.

■ In the case before us the document under consideration was privileged (McDavitt v. Boyer, 169 Ill 475, 48 NE 317; Krumin v. Bruknes, 255 Ill App 503; Vogel v. Gruaz, 110 US 311). It has long been the recognized rule of law that whatever is said or written in a legal proceeding which is pertinent and

material to the matters in controversy, is privileged, and no action of slander or libel can be maintained thereon. The defamatory words must, necessarily, however be connected with or relative to the cause in hand or the subject of inquiry to be privileged, but all doubts are resolved in favor or relevancy or pertinency. Under the record before us it is apparent that the Trial Court properly found that these statements were privileged and properly entered summary judgment in favor of defendants.

On the other issue raised regarding refusal to compel continuation of oral depositions and requiring submission of written interrogatories, we had occasion in the previous decision (Harrell v. Summers, 28 Ill App2d 282, 171 NE2d 248) to consider this matter in detail and, as indicated in such opinion, we feel that the Trial Court in its discretion properly refused to compel a continuation of the oral deposition, and properly ruled that written interrogatories should be submitted, in view of the fact that there were twenty-eight defendants, and the Court put itself in a position to control the form of questions and to require the party claiming privilege to show facts which would justify such claim.

We must therefore conclude that there was no reversible error in the record and that the judgment of the Circuit Court of Clay County should, therefore, be affirmed.

Judgment affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.