John R. Tuohey, Appellant, v. Yellow Cab Company, a Corporation, and James Marshall, Appellees.

Gen. No. 48,489.

First District, First Division.

February 9, 1962.

Unger & Unger, of Chicago (Donald Lipman, of counsel), for appellant.

Jesmer and Harris, of Chicago (Harvey Shapiro and Ronald S. Davis, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, John R. Tuohey, appeals from an adverse summary judgment entered in his personal injury suit. Acting upon the pleadings, plaintiff's deposition, his answers to interrogatories and defendants' affidavits, all on file and in the record, the trial court found plaintiff guilty of contributory negligence as a matter of law.

As plaintiff filed no counter affidavits, the only question presented is whether the undisputed facts are susceptible of a single inference and, therefore, present a question of law. (Inland Steel Co. v. Industrial Commission (1959), 18 Ill2d 70, 78, 163 NE2d 489.) Questions composed of factors sufficient

to cause reasonable men to arrive at different results should never be determined as matters of law. (Ney v. Yellow Cab Co. (1954), 2 Ill2d 74, 84, 117 NE2d 74.) If the court was correct in its finding of plaintiff's contributory negligence, and there was "no genuine issue as to any material fact," defendants were entitled to a judgment as a matter of law. Civil Practice Act, § 57(3).

Plaintiff's deposition shows that on August 17, 1958, a dry and sunny day, at 8:10 in the morning, while plaintiff was driving west on Marquette Road, Chicago, defendant's southbound cab collided with plaintiff's vehicle in the intersection of Marquette Road and Minerva Avenue. There were no westbound cars in front of plaintiff, no eastbound cars coming toward him, and there were no vehicles parked on Marquette Road at or near the intersection. Plaintiff was traveling at a speed of 20 miles per hour and did not decrease his speed as he approached the intersection or as he entered it; he kept his foot on the accelerator pedal up to the moment of impact and did not apply his brakes. At no time prior to, or at the moment of impact, did plaintiff see defendant's cab. He had "no knowledge" of an impending accident. The first he knew of the collision was "when I got up off the floor" after being "momentarily dazed." Until the police arrived and informed him, he knew nothing about defendant's cab being the other vehicle involved in the collision.

■ ■ In a summary judgment proceeding, the right of the moving party should be free from doubt, and toward this end the supporting affidavits are to be construed most strongly against the movant, and the whole record must be considered. (J. J. Brown Co., Inc. v. J. L. Simmons Co. (1954), 2 Ill App2d 132, 135, 118 NE2d 781.) If, upon an examination of the pleadings, depositions, and affidavits, it can be fairly

said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the record shows there is no triable issue of fact, a summary judgment will be granted. People ex rel. Sharp v. City of Chicago (1958), 13 Ill2d 157, 161, 148 NE2d 481.

Plaintiff argues and cites cases which are predicated on a showing in the record that the driver in question, when approaching a crossing or intersection, in some measure looked for approaching vehicles on the intersecting street. It is unnecessary for us to discuss these cases, because the instant record contains nothing from which it can be reasonably inferred that plaintiff, when approaching the intersection of Minerva Avenue, looked to determine the presence of any vehicles on Minerva Avenue, approaching or otherwise.

Plaintiff relies heavily on Simaitis v. Thrash (1960), 25 Ill App2d 340, 166 NE2d 306. We are not persuaded that the facts in that case are comparable. There was evidence that plaintiff looked for other cars before entering the intersection. The court found that the evidence was conflicting and contradictory concerning the speed of defendant's automobile and whether plaintiff entered the intersection first. There are no similar facts shown in this appeal.

Plaintiff had an opportunity to file counter affidavits, in which he could have stated facts to show that he looked for or observed approaching vehicles on Minerva Avenue. (Otis Elevator Co. v. American Surety Co. for New York (1942), 314 Ill App 479, 484, 41 NE2d 987.) If plaintiff was in possession of such evidence, it was incumbent upon him to file counter affidavits showing that he had a defense to defendants' claim of contributory negligence, and the trial court was not permitted to surmise or speculate in the absence of counter affidavits. Harrell v. Summers (1961), 32 Ill App2d 358, 361, 178 NE2d 133; Killian

v. Welfare Engineering Co. (1946), 328 Ill App 375, 381, 66 NE2d 305.

■ All reasonable minds will agree that a driver approaching an intersection, who fails to look as he approaches, to ascertain whether there are other cars in proximity, especially those which might have the right of way over him, is guilty of want of ordinary care or contributory negligence. Crowe Name Plate & Mfg. Co. v. Dammerich (1935), 279 Ill App 103, 108; Zielinski v. Pleason (1939), 299 Ill App 594, 598, 20 NE2d 620; Lawson v. Jorjorian (1938), 293 Ill App 431, 435, 12 NE2d 894.

■ ■ It is undisputed that plaintiff did not slow down as he approached the intersection in question nor make any attempt to apply the brakes. In the absence of anything in the record to show that plaintiff looked for approaching vehicles on Minerva Avenue as he approached or entered the intersection, we conclude that plaintiff failed to exercise due care and was guilty of contributory negligence as a matter of law. In the absence of a triable issue of fact, the summary judgment was properly granted. Harrell v. Summers, 32 Ill App2d 358, 361, 178 NE2d 133.

For the reasons given, the judgment is affirmed.

Affirmed.

ENGLISH, J., concurs.

BURMAN, J., dissents.

BURMAN, J., dissenting:

The trial judge, and the majority of this court, have reached the conclusion that plaintiff was guilty of contributory negligence as a matter of law. In my opinion, that conclusion, based on the limited testimony elicited by defendants' attorney through deposition, is untenable.

I am well aware of the rule that where, from the undisputed facts, all reasonable minds in the exercise of fair and honest judgment would be compelled to reach the conclusion that there was contributory negligence, that question can become one of law. (Lasko v. Meier, 394 Ill 71, 67 NE2d 162.) However, the question of "whether a given course of conduct amounts in law to negligence or contributory negligence depends on its character and *attending circumstances. . . .*" (emphasis supplied) (Simaitis v. Thrash, 25 Ill App2d 340, 349, 166 NE2d 306.) And we do not have the aid of any precise formula for determining whether a particular vehicle has conformed to set standards when approaching an intersection. (Pennington v. McLean, 16 Ill2d 577, 158 NE2d 624.) Thus it is my view that the determination of contributory negligence as a matter of law at any time before it is assured that all the facts and circumstances have been uncovered, is premature.

Defendants' affidavits contained questions and answers from the deposition taken of plaintiff relating to but one of the numerous aspects of the occurrence. The only facts disclosed concerned plaintiff's conduct when he entered the intersection and did not even fully deal with that subject. It must be emphasized that plaintiff was not asked whether he *looked* to discover whether any other vehicles were approaching the intersection. The answers revealed simply that he saw no cars in the vicinity and that he had "no knowledge" that there was going to be an accident. It cannot be determined as a matter of law that had plaintiff looked for other traffic he necessarily would have seen it. (Klettke v. Checker Taxi Co., 26 Ill App 2d 341, 168 NE2d 453.) The jury might well have found from all the facts and circumstances in evidence that plaintiff at the time of the occurrence was exercising due care for his own safety.

The deposition also failed to show whether plaintiff was travelling on a through street, or whether the defendant driver was approaching a stop sign. Further, there was not yet any basis for determining whether, as charged in the complaint, defendant was guilty of failing to keep a proper lookout for other traffic upon the highway, or guilty of operating his vehicle at a high and dangerous speed or without sufficient brakes. Upon determining these matters the jury might also have concluded that no conduct on the part of plaintiff could have contributed to the accident. Since the full circumstances of the accident were before neither the trial judge nor this court, I see no basis for finding contributory negligence as a matter of law.

The fact that plaintiff failed to file counter-affidavits is not material here. Plaintiff's failure would be at his peril only if defendants' affidavits were sufficient as a basis for a determination. As I have indicated, those affidavits were far from sufficient.

I think the judgment of the trial court should be reversed.