PETER WONAITIS *et al.*, Plaintiffs-Appellees, *v.* ARLENE E. KUSTAK, Defendant-Appellant.

(No. 57982; )

First District (4th Division)—February 13, 1974.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (John A. Hutchings, James J. Hoffnagle, and Arthur A. Sullivan, Jr., of counsel), for appellant.

Robert Q. Hoyt, of Chicago (Philip J. Rock, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an action brought by the plaintiffs for personal injuries and damages caused by the alleged negligence of the defendant in driving her car. During the pendency of the cause, plaintiff, Antoinnette Wonaitis, died. Her death was suggested of record and Peter Wonaitis, her husband, was substituted as personal representative of the deceased. No amended complaint was filed and the case continued solely as one for the injuries and damages sustained by each plaintiff. No action for wrongful death as to Antoinnette was filed.

The jury returned a verdict; (1) for the defendant and against Peter

Wonaitis individually and (2) for Peter Wonaitis, special administrator to prosecute the action of Antoinnette Wonaitis and against the defendant.

The issues presented for review are:

1. Whether the cause of action for the injuries and damages sustained by Antoinnette Wonaitis and prosecuted by her special administrator abated.

2. In the event that the aforesaid cause of action did not abate, whether a new trial should be granted with instructions limiting the medical evidence relating to Antoinnette Wonaitis.

3. Whether the court erred in determining as a matter of law that Peter Wonaitis was not acting as agent of Antoinnette Wonaitis, thus taking the issue of the contributory negligence of Antoinnette Wonaitis from the jury.

The appellant cites *Holton v. Daly* (1882), 106 Ill. 131, as authority for the proposition that if a person dies as a result of injuries sued for, the cause of action of the injured person abates and cannot be further prosecuted. She then reviews a list of cases that have followed *Holton*.

On January 22, 1974, the Supreme Court of Illinois filed its opinion in *Murphy v. Martin Oil Co.*, No. 45195, September Term, 1973, wherein Mr. Justice Ward said:

"We consider that those decisions which allow an action for fatal injuries as well as for wrongful death are to be preferred to this court's holding in *Holton v. Daly* that the Wrongful Death Act was the only remedy available when injury resulted in death.

The holding in *Holton* was not compelled, we judge, by the language or the nature of the statutes examined. The statutes were conceptually separable and different. The one related to an action arising upon wrongful death; the other related to a right of action for personal injury arising during the life of the injured person.

The remedy available under *Holton* will often be grievously incomplete. There may be a substantial loss of earnings, medical expenses, prolonged pain and suffering, as well as property damage sustained, before an injured person may succumb to his injuries. To say that there can be recovery only for his wrongful death is to provide an obviously inadequate justice. Too, the result in such a case is that the wrongdoer will have to answer for only a portion of the damages he caused. Incongruously, if the injury caused is so severe that death results, the wrongdoer's liability for the damages before death will be extinguished. It is obvious that in order to have a full liability and a full recovery there must be an action allowed for damages up to the time of death, as well as thereafter. Considering 'It is more important that the court should

be right upon later and more elaborate consideration of the causes than consistent with previous declarations' (*Barden v. Northern Pacific R.R. Co.* (1894), 154 U.S. 288, 322, 38 L.Ed. 992, 1000), we declare *Holton* and the cases which have followed it overruled."

The court further said:

> "We have repeatedly held that the doctrine of *stare decisis* is not an inflexible rule requiring this court to blindly follow precedents and adhere to prior decisions, and that when it appears that public policy and social needs require a departure from prior decisions, it is our duty as a court of last resort to overrule those decisions and establish a rule consonant with our present day concepts of right and justice.'"

■■ We therefore conclude that the cause of action alleged in the complaint by Peter Wonaitis, special administrator to prosecute the action of Antoinnette Wonaitis, did not abate.

■■ We further conclude that there is no necessity to grant a new trial limiting the medical evidence relating to Antoinnette Wonaitis, since her estate would be entitled to recover for loss of property, loss of wages, pain and suffering, as well as medical expenses to the time of her death and other expenses incident thereto.

We also conclude that the trial court was correct in determining that Peter Wonaitis was not acting as agent of Antoinnette Wonaitis, and taking the issue of contributory negligence of the deceased from the jury.

■■ It was the opinion of the trial judge that there was not sufficient evidence in the record to raise the issue of agency and therefore the court refused to give defendant's tendered instructions No. 16 and No. 16A. Th court also refused to submit a special interrogatory concerning agency. Mr. Wonaitis testified that he was driving his wife to a bus stop and intending to return home. He was performing a service for her as she did not drive. The essential elements of agency are ownership and control. (*Lilegdon v. Hanuska* (1967), 85 Ill.App.2d 262, 229 N.E.2d 314; *Simaitis v. Thrash* (1960), 25 Ill.App.2d 340, 166 N.E.2d 306.) There was no evidence that the decedent exercised ownership or control over the automobile. Mr. Wonaitis owned the car and Mrs. Wonaitis did not drive. Negligence could not be imputable on a joint-enterprise theory since the element of business enterprise is absent. *Babington v. Bogdanovic.* (1972), 7 Ill.App.3d 593, 288 N.E.2d 40.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.