WILLIAM A. OUDSHOORN, Plaintiff-Appellee, *v.* WARSAW TRUCKING COMPANY, INC., *et al.*, Defendants-Appellants.

First District (5th Division)    No. 62058

Opinion filed May 14, 1976.

Edward K. Stackler and Harold A. Liebenson, of Chicago, for appellants.

Ruff and Grotefeld, Ltd., of Chicago (John J. Reidy, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

A jury awarded damages to plaintiff for personal injuries arising out of a collision between a vehicle driven by him and a truck owned by defendant Warsaw Trucking Company and operated by defendant Donald Steffen. On appeal, defendants contend plaintiff was guilty of contributory negligence as a matter of law and that they were not afforded a fair trial because of erroneous instructions and the improper reception of certain evidence.

Both vehicles were traveling on Route 58 approaching Route 53 in Schaumberg, Illinois—plaintiff was eastbound and the truck westbound. The collision occurred when the truck turned left into the approach road to Route 53, which overpasses Route 58. At that intersection, when the traffic signal for eastbound traffic changed to red, a green arrow permitted westbound traffic to make a left turn. The red light for eastbound traffic changed to green simultaneously with the extinguishment of the left turn signal for westbound traffic, at which time the lights then were green for traffic in both directions.

Plaintiff testified he had stopped at an intersection one block west of the accident scene. From there, he slowly accelerated to a speed of 30-35 m.p.h. and had traveled about two-thirds of the distance to the accident intersection when the red light there changed to green. He was traveling in the lane nearest the center of the street, and he first saw the truck when "it was entering my lane, making a left turn into my lane." He stated that the truck was traveling "unusually fast" and that there was a 2 or 3 or perhaps even a 4-second interval between the time he observed the truck and the time of the impact. He was just entering the intersection when he first saw the truck, and he applied his brakes and turned to the right in an attempt to avoid it.

Charlotte Price, a witness called by plaintiff, testified that she was driving her vehicle behind plaintiff from the previous intersection. She was traveling at a speed of 30-35 m.p.h., and she stated that the traffic signal at the accident intersection turned to green when she was halfway between the two intersections. It seemed to her that as plaintiff was entering the intersection "this truck seemed to materialize from nowhere, almost, all of a sudden the truck was there." She stated without objection that she thought plaintiff's car reached the intersection a moment or so before the truck did and it appeared to her that the truck "just kept going at him until he hit Mr. Oudshoorn's car and pushed it off to the side." Just prior to the accident she noticed the brake lights of plaintiff's car go on and heard the screech of brakes. The witness stated further that she was traveling three or four car lengths directly behind plaintiff's vehicle in the middle lane.

The truck was a tractor-trailer combination 13 feet high, painted yellow and white. The driver stated that the accident occurred when he was turning left on the green arrow to go south, traveling in second gear (out of ten gears), at about 3-4 m.p.h. There were two left-turn lanes at that intersection, and he was in the northernmost (second from the median strip). Two other vehicles made left turns ahead of him and, in following them, his truck crossed the other left turn lane, the median strip, one lane of eastbound traffic, and was in the middle eastbound lane when the impact occurred.

The jury found for the plaintiff in its general verdict and answered a special interrogatory that he was not guilty of contributory negligence.

OPINION

Defendants initially seek reversal on a contention that the court should have directed a verdict in their favor because plaintiff allegedly was contributorily negligent as a matter of law.

■■ It is now well settled in Illinois that judgments are to be directed only in those cases in which all of the evidence when viewed in its aspect most favorable to the opponent so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504.

In support of their contention, defendants argue that plaintiff was familiar with and had a clear, unobstructed view of the intersection; that it was daylight and the truck was within his possible vision for several blocks as it was coming from the opposite direction; that the truck was 13 feet high, and its yellow and white painting made it clearly visible; that the truck traveled about 35 feet from the time it started its left turn until the impact occurred; that plaintiff did not apply his brakes until he entered the intersection; that plaintiff did not see the truck until it was in

the middle lane of westbound traffic; that plaintiff thought he had been involved in an accident with an earth moving machine; and that plaintiff did not see the two vehicles which the truck driver said had made left turns ahead of him. On the basis of the above defendants contend that plaintiff did not keep a proper lookout and, in fact, did not see the truck. They cite numerous authorities stating propositions of law as follows: That a driver of a vehicle has a common law duty to be on the lookout for other vehicles (*Waldron v. Hardwick*, 99 Ill. App. 2d 36, 240 N.E.2d 772); that the law does not countenance the anomoly of a person stating that he looked but did not see that which was clearly visible (*Sumner v. Griswold*, 338 Ill. App. 190, 86 N.E.2d 844); that the law will not give credence to testimony that one looked but did not see, when it is apparent that if the person had looked he must or should have seen (*Zielinski v. Pleason*, 299 Ill. App. 594, 20 N.E.2d 620); that failure to look at an intersection is negligence *per se* (*Crowe Name Plate & Manufacturing Co. v. Dammerich*, 279 Ill. App. 103; *Tuohey v. Yellow Cab Co.*, 33 Ill. App. 2d 180, 180 N.E.2d 691).

Plaintiff, however, calls attention to his testimony that he saw the truck when it was entering his lane of traffic, which he said was the lane next to the center of the road; that the truck was traveling "unusually fast"; that he applied his brakes as he entered the intersection and swung to the right; that there was "a two to four second interval between the time he first observed the truck and the impact"; that the truck driver admitted he had made a wide turn and intended to "shoot up the hill" to Route 53; that the front of the truck struck the left side of his vehicle; that he was corroborated by the witness Price in his testimony that the light was green in his favor when he was some distance from the intersection, which would mean that the truck was making an improper turn.

We are in accord with propositions of law in the authorities cited by defendants but, in viewing the evidence in its aspect most favorable to plaintiff, as we are required to do by *Pedrick*, we must infer the following: (1) that plaintiff entered the intersection with the green light (he and the witness Price so testified); (2) the light being green for plaintiff, the truck was making an improper turn because the green left turn arrow would have gone out; (3) that plaintiff was in the lane next to the center line (although the truck driver and Price stated that plaintiff was in the middle eastbound lane); (4) that plaintiff saw the truck when he was entering the intersection and, at that point, applied his brakes and swung to the right (Price saw the brake lights go on before the impact and heard the screech of brakes; the truck driver said plaintiff was not speeding and was almost stopped at the time of the impact); (5) that plaintiff saw the truck 2 or 3 or perhaps 4 seconds before the impact; (6) that the truck came into contact with the side of plaintiff's car (Price and plaintiff so stated, and the driver

of the truck testified that the "whole left side of plaintiff's car was damaged"); (7) that the truck was traveling "unusually fast" (this was corroborated to some extent by Price—who said that the truck just seemed "to materialize" from nowhere, and by the truck driver—who testified that he did not come to a stop before starting his left turn); (8) that plaintiff entered the intersection first (Price so testified).

In view thereof, we cannot say that the evidence was so insufficient that no contrary conclusion of a jury could be allowed to stand. We hold that the question of contributory negligence was properly submitted to the jury and that its answer to the special interrogatory is supported by the evidence. See *Pedrick; Rose v. B. L. Cartage Co.*, 110 Ill. App. 2d 260, 249 N.E.2d 199.

■■ Defendants next object to an instruction given at the request of plaintiff relating to circumstantial evidence; *i.e.*, IPI Civil No. 1.03, which stated that a fact may be proved by circumstantial evidence and then went on to define that term. They contend such an instruction is improperly given where there are eyewitnesses to the accident. We disagree. Not only should the instruction be given where applicable, as it was here, even though eyewitnesses have testified to an occurrence (see *United States Brewing Co. v. Stoltenberg*, 211 Ill. 531, 71 N.E. 1081; *Branch v. Woulfe*, 300 Ill. App. 472, 21 N.E.2d 148), but positive direct evidence including that of eyewitnesses may be discredited and contradicted by circumstantial evidence (*Lobravico v. Checker Taxi Co.*, 84 Ill. App. 2d 20, 228 N.E.2d 196; *Ruggiero v. Public Taxi Service, Inc.*, 16 Ill. App. 3d 754, 306 N.E.2d 567).

Objection is also made by defendants to a plaintiff's instruction which incorporated a provision of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—306(e)(1)) relative to the right-of-way of vehicles turning with a green light or green arrow. We believe this instruction was properly given here, in view of the well established rule that each party is entitled to direct and specific instructions embracing his theory of the facts where the evidence tends to prove such facts. (*Hitt v. Langel*, 93 Ill. App. 2d 386, 236 N.E.2d 118; *Kirchner v. Kuhlman*, 334 Ill. App. 339, 79 N.E.2d 628.) Under plaintiff's theory, the green arrow had gone out and the truck should have yielded the right-of-way to him. The record discloses that the witness Price testified the light turned to green when plaintiff was some distance from the accident intersection; in fact, she stated that plaintiff was three or four car lengths ahead of her and she was only halfway between the two intersections when the light changed. This, of course, carries the inference that the green arrow had gone out and that the truck made an improper turn. Price stated also that as plaintiff was entering the intersection, the truck seemed to materialize from nowhere and she then expressed her belief that plaintiff's car "got into the

intersection a moment or so before the truck did." In view thereof, we believe the instruction was proper.

■■ The action of the trial court in adding a sentence to defendant's seat belt instruction is also complained of as being error. One sentence was added by the court containing the admonition that the jury was to consider the instruction "only as it may relate to the question of damages, if any, and not to the question of liability." They point out that their tendered instruction provided that the question of whether plaintiff should have used the seat belt was to be considered by the jurors in determining whether plaintiff had exercised his duty to mitigate injury, and defendants argue that the added sentence by the court improperly emphasized the fact that the instruction was to apply to damages and not to liability. The added sentence properly stated the law (*Schomer v. Madigan*, 120 Ill. App. 2d 107, 255 N.E.2d 620; *Josel v. Rossi*, 7 Ill. App. 3d 1091, 288 N.E.2d 677), and we see no prejudicial error in the fact that it might have been slightly repetitious.

■■ Further objection is made by defendants concerning the testimony of a medical expert witness for plaintiff regarding the relationship between plaintiff's injuries and his failure to wear a seat belt. It appears that two hypothetical questions and the answers thereto are the sources of her objection. In the first of these, the doctor was asked a question concerning the effect of the accident on plaintiff's back, and defendants complain that his opinion was given "without any information having been given him about the prior condition of the back." They argue that such a hypothetical question is improper when there is nothing from which the doctor could assume that the back condition did not preexist the accident. We note, however, that no objection was made at trial or in the post-trial motion to this question. It was the duty of defendants to point out this alleged failure in order to afford plaintiff an opportunity to remedy the defect, if such existed and, in any event, it cannot be raised on appeal for the first time. *Goldberg v. Capitol Freight Lines, Ltd.*, 382 Ill. 283, 47 N.E.2d 67.

■■ In the other hypothetical question, the doctor was initially asked whether plaintiff's injuries would be "more extensive or less extensive" had he worn a seat belt. An objection was made that no facts were given in the question as to the speed of the vehicles, as to whether the seat belt was fastened, or the direction that plaintiff's body was thrown in the car. Plaintiff then asked the doctor to assume additional information as to the speed of plaintiff's car when it entered the intersection, the speed of both vehicles at impact, the weight of the truck, the fact that the car was moved one lane to the right at impact, and that after the impact plaintiff was found on the right side of the front seat. The witness was then asked whether the use of the seat belt would have mitigated or increased

plaintiff's injuries. The objection to this question was as follows: "There is nothing in the record, or nothing in evidence as to what part of his body struck what, and where the body was thrown." The objection was overruled and the doctor then answered that there would be a worsening of plaintiff's condition with a seat belt because of the abdominal damage that would have resulted. Defendants claim they were prejudiced by the answer. We disagree. Defendants' second objection was apparently a complaint that certain facts should have been in evidence and included in the question. However, it appears to us that sufficient information was provided in response to defendants' initial objection, and that the trial court properly overruled the second objection. It would have been improper to require that there be included in a hypothetical question matters not in evidence unless there was a representation that the evidence would be introduced later (*People v. Muniz*, 31 Ill. 2d 130, 198 N.E.2d 855), which was not made here. Defendants could properly have tested the significance, if any, of these facts through cross-examination of the witness.

Defendants' additional objection that there was a lack of any showing that the doctor was qualified as a seat belt expert is without merit because (1) such qualifications are discretionary with the court (*People v. Jennings*, 252 Ill. 534, 96 N.E. 1077); and (2) no objection was made to the qualifications at trial or in the post-trial motion and therefore cannot now be raised for the first time on appeal (*People v. Trefonas*, 9 Ill. 2d 92, 136 N.E.2d 817).

■■ It is also contended by defendants that the testimony of plaintiff's wife regarding his headaches, backaches and generally poor physical condition was improper. The record discloses, however, that she was only allowed to describe her husband's condition as she observed it, and that an objection was made and properly sustained as to the complaints of plaintiff regarding his physical condition. We therefore find no prejudicial error resulting from her testimony.

A complaint is also made here concerning plaintiff's testimony regarding his operation and the difference in his ability to function before and after the accident in question. Again, our examination of the record indicates that an objection was made and sustained as to events occurring while plaintiff was under anesthesia. He was permitted to testify only as to the location of scars on his body and this testimony was properly received. Likewise, we believe that the trial court properly allowed plaintiff to testify as to his activities prior to the accident and the limitations imposed thereon as a result of his injuries, inasmuch as these were matters within his personal knowledge.

■■ Finally, defendants contend that the errors asserted combined with other allegations of error, admittedly minor in nature, concerning

statements of plaintiff's counsel in argument, all in their totality amounted to such an accumulation of error as to prejudice their rights. While the object of review is not to determine whether the record is completely free of error; nevertheless, a case may be reviewed to ascertain whether upon the trial there was such error or accumulations of error as might prejudice the rights of a party. (*Bulleri v. Chicago Transit Authority*, 41 Ill. App. 2d 95, 190 N.E.2d 476.) Our examination of the record reveals, however, that objections were sustained to all of the comments by plaintiff's counsel in closing argument which are now complained of, and in view of our holdings above concerning other alleged errors, we are of the opinion that there is no such accumulation of error which prejudiced the rights of defendants here.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.